**Albert Wayne WARE, Appellant,**

v.

**STATE of Texas, Appellee.**

**No. 11–82–281–CR.**

Court of Appeals of Texas,
Eastland.

March 31, 1983.

Lance Hall, Sweetwater, for appellant.

Russell Carroll, Dist. Atty., Sweetwater, for appellee.

DICKENSON, Justice.

The jury convicted Albert Wayne Ware for the offense of "Unlawful Possession of Firearm by Felon."[1] The jury then assessed his punishment at confinement for 13 years and a fine of $2,500.00.[2]

Our disposition of this appeal is governed by appellant's first ground of error. It argues that the judgment of conviction should be reversed, and the cause dis-

---

1. TEX.PENAL CODE ANN. sec. 46.05 (Vernon 1974) provides:

(a) A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives.

(b) An offense under this section is a felony of the third degree.

2. His punishment was enhanced under TEX.PENAL CODE ANN. sec. 12.42(a) (Vernon 1974) from a third degree felony to a second degree felony.

missed, because the evidence is insufficient to support the conviction. We are compelled to agree. There was no evidence before the jury that the previous conviction of "involuntary manslaughter" was for a "felony involving an act of violence or threatened violence to a person or property," as required by Section 46.05, supra.

The State asks us to hold "as a matter of law that any form of involuntary manslaughter is a felony involving violence or a threat of violence against a person." The offense of involuntary manslaughter is defined in TEX.PENAL CODE ANN. sec. 19.05 (Vernon 1974), and the offense can be committed either by (1) reckless acts or omissions or (2) by accident or mistake when operating a motor vehicle while intoxicated. We are unable to hold "as a matter of law" that all forms of involuntary manslaughter involve violence or threats of violence. *See Powell v. State,* 538 S.W.2d 617 at 618 (Tex.Cr.App.1976), cert. denied 429 U.S. 928, 97 S.Ct. 334, 50 L.Ed.2d 298 (1976), where the court discussed Section 46.05, supra, and held:

> Whether a felony offense is within the scope of this statute must depend on the facts and circumstances of each case.

The Court of Criminal Appeals held in *Tew v. State,* 551 S.W.2d 375 at 378 (Tex. Cr.App.1977):

> We conclude that the trial court erred in instructing the jury that burglary involves an act of violence or threatened violence as a matter of law. Burglary does not per se involve violence, and whether a felony offense does involve violence must depend on the facts and circumstances of each case.

The Court of Criminal Appeals granted a post-conviction writ of habeas corpus in *Ex parte Eldridge,* 572 S.W.2d 716 (Tex.Cr. App.1978), vacating a conviction under Section 46.05, supra, and holding:

> The information is also defective in failing to allege that the rape alleged to have been previously committed was a felony involving an act of violence or threatened violence. This is an essential element, since some felonies-including rape-can be committed with or without violence or threats of violence.

We are aware that "robbery by assault" has been held to be a felony involving violence or threatened violence against a person "as a matter of law" in *Scott v. State,* 571 S.W.2d 893 at 895 (Tex.Cr.App. 1978). That case does not support the State's contention that all forms of involuntary manslaughter involve violence or threats of violence as a matter of law.

■ In view of the holdings in *Powell, Tew* and *Eldridge,* we cannot hold that "involuntary manslaughter" is a felony involving violence or a threat of violence to a person as a matter of law. Since there was no proof to the jury as to the nature of the involuntary manslaughter offense for which appellant was previously convicted, we sustain appellant's first ground of error.

■ The United States Supreme Court has declared that the Double Jeopardy Clause[3] forbids a second trial when a conviction is reversed for lack of sufficient evidence. *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978). That court has also held that this rule is fully applicable to criminal proceedings in state courts. *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). Since there is no evidence to prove a necessary element of the offense charged, we must enter an order that appellant is acquitted. See *Oaks v. State,* 642 S.W.2d 174 at 179 (Tex.Cr.App.1982, en banc).

The trial court's judgment of conviction is reversed. Albert Wayne Ware is acquitted, and the indictment is dismissed.

---

3. See the Constitution of the United States,     Amendment V.