Albert Wayne WARE, Appellant,

v.

STATE of Texas, Appellee.

No. 11-84-029-CR.

Court of Appeals of Texas, Eastland.

Jan. 31, 1985.

Rehearing Denied Feb. 21, 1985.

Frank W. Conard II, Sweetwater, for appellant.

Frank Ginzel, Sp. Pros. Atty., Andrew Ottaway, Colorado City, for appellee.

DICKENSON, Justice.

The jury convicted Albert Wayne Ware for the offense of "Unlawful Possession of Firearm by Felon"[1] and assessed his punishment at confinement for 20 years and a $10,000 fine.[2] The district judge cumulat-

ed[3] this sentence with an earlier conviction[4] for the same offense. We affirm this conviction.

■ Appellant's court-appointed lawyer filed a brief which contains two grounds of error. There is no challenge to the sufficiency of the evidence. First, he argues that the trial court erred in admitting the handgun into evidence. This ground is overruled because the search of appellant's car was incidental to appellant's arrest. The United States Supreme Court, in *New York v. Belton*, 453 U.S. 454 at 460, 101 S.Ct. 2860 at 2864, 69 L.Ed.2d 768 at 775 (1981), held that:

> (W)hen a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.

It follows from this conclusion that the police may also examine the contents of any containers found within the passenger compartment.... Such a container may, of course, be searched whether it is open or closed.

We agree with the holding in *Russell v. State*, 644 S.W.2d 554 at 556 (Tex.App.—Dallas 1982, pet'n ref'd):

---

1. TEX.PENAL CODE ANN. sec. 46.05 (Vernon 1974) defines this offense and contains the following language:

   (a) A person who has been convicted of a felony involving an act of violence or threatened violence to a person or property commits an offense if he possesses a firearm away from the premises where he lives.

   (b) An offense under this section is a felony of the third degree.

   The indictment in this case charged that on November 25, 1983, appellant possessed a handgun away from the premises where he lived and that prior to that time he had been finally convicted of the felony offense of involuntary manslaughter on October 31, 1980. The proof shows that the prior felony involved an act of violence to a person. Appellant had shot his stepfather two times, and after being indicted for murder, pled guilty to the lesser included offense of involuntary manslaughter.

2. The punishment was enhanced under TEX.PENAL CODE ANN. sec. 12.42(a) (Vernon 1974) by

proof that appellant had been convicted on September 25, 1980, for the felony offense of aggravated robbery.

3. Pursuant to TEX.CODE CRIM.PRO.ANN. art. 42.08 (Vernon 1979) the judgment in this case provides that the punishment shall begin when the judgment and sentence in Cause No. 5471–A (our No. 11–82–281–CR) have ceased to operate.

4. See *Ware v. State*, 677 S.W.2d 546 (Tex.App.—Eastland 1983, pet'n granted), where this Court reversed the prior conviction because there was no evidence as to the underlying facts on appellant's conviction for involuntary manslaughter. This Court was unable to hold that all forms of involuntary manslaughter involve violence or threats of violence "as a matter of law" when the penal code provides that the offense can be committed by reckless acts or omissions. The Court of Criminal Appeals granted discretionary review on September 28, 1983. That case was submitted on oral arguments on January 4, 1984, and is still pending decision at this time.

(W)e perceive no need for one rule under the Constitution of the United States and another under the Constitution of Texas. Accordingly, we conclude that under Article I, section 9 of the Constitution of Texas, the proper scope of a search of the interior of an automobile incident to a lawful custodial arrest of its occupants is as defined by the Supreme Court in *Belton.*

See also *Beasley v. State,* 683 S.W.2d 132 (Tex.App.—Eastland 1985, pet'n pending).

The facts under review show that appellant made threats against the district judge, the district attorney, his appointed defense counsel and others in connection with his perception that he had been treated unfairly in his earlier conviction in Nolan County for unlawful possession of a handgun. Appellant had been released on bond while the petition for review was under consideration. On Thanksgiving Day, November 24, 1983, appellant began drinking, and he made numerous threats in the presence of his mother, his sister and his brother-in-law. Appellant said that he was going to cut off the district attorney's male private parts and that he was going to torture the district attorney's investigator. Appellant's brother-in-law and sister also testified that appellant told them that: "He said he thought it was about time he got his .44 and come to Sweetwater and took out some people." On the afternoon of November 25, appellant appeared at the home of one of his Sweetwater friends. He was still drinking and making threats against the people that he felt had mistreated him on the earlier trial (which resulted in a 13-year prison sentence and a $2500 fine) for having a firearm with him at the scene of an automobile accident. His friends testified that he was threatening to inflict humiliation on the district judge and the district attorney. Appellant was asking for his friends' help in finding out where those officials lived. They declined to become involved. Two of them saw the gun which was stuck under his belt and concealed by the coat which he was wearing. The wife of one of appellant's friends called appellant's ex-girl-friend to warn her that appellant was in town and that he was drinking and making threats. The ex-girlfriend notified the district attorney, and he helped her prepare a complaint. The district attorney then presented the sworn complaint to the Judge of the County Court at Law who, *acting as a magistrate,* issued an arrest warrant. In the meantime, the ex-girlfriend called appellant on the telephone to set up a meeting. The district attorney notified the police that an arrest warrant had been issued and that in order to avoid the risk of injury to the appellant's friends and their two children, the police should wait to arrest appellant until he left the house to go to the meeting which had been arranged by the ex-girlfriend. As appellant drove away from his friends' house, the police arrested him. When appellant was searched by the police, they found fifty-four .44 magnum bullets in the pockets of his coat. The gun was in the car, in the console beside the driver's seat. The .44 magnum gun was loaded with six live rounds of ammunition.

We hold that the trial court did not err in admitting the gun into evidence. It was lawfully found and seized as an incident to appellant's arrest on a felony arrest warrant. *New York v. Belton,* supra.

The other ground of error urged by appellant's lawyer concerns appellant's complaint that the trial court overruled his motion for mistrial during the special prosecutor's opening jury argument on the issue of guilt. The record shows the following:

SPECIAL PROSECUTOR: ... We have shown to you, through this Exhibit Number One here (the gun), which I am going to discuss in a few minutes—we have shown to you that that defendant picked a gun—

DEFENSE COUNSEL: I object to the pointing of a gun in the defendant's face. That is done for nothing but prejudice. We object to that strenuously, and ask the prosecutor not to do that anymore.

THE COURT: All right. You will not point a gun at anybody in the courtroom, Mr. Strother.

DEFENSE COUNSEL: Your Honor, we move for a mistrial at this time.

THE COURT: Overruled.

We hold that the trial court did not err in overruling the motion for mistrial. The maximum sentence assessed by the jury in this case was not at all likely to have been caused by the pointing of the gun, but beyond any reasonable doubt resulted from proof during the guilt stage of trial of the terrible threats which appellant had made against the district judge, the district attorney, the district attorney's investigator and others and the proof that appellant had secured a .44 magnum pistol and 60 rounds of ammunition before coming to Sweetwater to "take out some people." Bad as those facts were, appellant's hopes for leniency proved even more futile when the jury learned during the punishment phase of his prior conviction for armed robbery. The jury already knew that he had shot his father-in-law in the face (pleading guilty to the lesser included offense of involuntary manslaughter) and that he was out of confinement on bond while a prior felony conviction was pending review by the Court of Criminal Appeals. The second ground of error is overruled.

■ There is a pro se brief which contains one additional ground of error. Normally, this Court does not discuss the contentions made in pro se briefs because the law is clear that an appellant is not entitled to hybrid representation, partly pro se and partly by attorney of record. See *Rudd v. State*, 616 S.W.2d 623 at 625 (Tex.Cr.App. 1981). However, in view of appointed counsel's plea that we consider the matter "in the interest of justice," it will be discussed. The pro se ground of error argues:

The trial court erred in failing to grant appellant's motion to suppress evidence as to the State's exhibit 2, a handgun, and in admitting same into evidence over the objection of appellant, because of an affidavit based on conclusions only, making the arrest warrant invalid.

The arrest warrant was based upon the sworn complaint by appellant's ex-girl-friend which, omitting the formal parts, reads in full as follows:

I, Bonnie Colleen Reisinger, being duly sworn, do state upon my oath that I have personal knowledge, and I charge that heretofore, and before the making and filing of this complaint, on or about the 25th day of November, 1983, in the County of Nolan and State of Texas, *Albert Wayne Ware*, Defendant did then and there knowingly and intentionally threaten to harm H.T. Fillingim, a witness, by an unlawful act, namely: causing the death of the said H.T. Fillingim in retaliation for and on account of the service of H.T. Fillingim, a witness in a criminal trial, to-wit: Cause number 5471–A in the 32nd District Court of Nolan County, Texas styled the State of Texas versus Albert Wayne Ware.

■ We hold that this sworn complaint is not based on "conclusions only." It specifies the nature of the threat, "causing the death" of one of the witnesses who testified against appellant. Moreover, even if the complaint had been insufficient, the officers would have been justified in executing the arrest warrant which was issued by the magistrate. See *United States v. Leon*, 468 U.S. —— at ——, 104 S.Ct. 3405 at 3423, 82 L.Ed.2d 677 at 700 (1984), where the majority opinion states:

In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause.

We hold that the trial court did not err in permitting the jury to see the gun. There was a valid arrest under *Leon*, and *Belton* authorizes a contemporaneous search of the vehicle. The pro se ground of error is overruled.

The judgment of the trial court is affirmed.