Albert Wayne WARE, Appellant,

v.

The STATE of Texas, Appellee.

No. 346–85.

Court of Criminal Appeals of Texas, En Banc.

Dec. 17, 1986.

Frank W. Conrad, II, Sweetwater, for appellant.

Norman Arnett, Dist. Atty., Sweetwater, and Andrew Ottaway, Asst. Dist. Atty., Frank Ginzel, Special Prosecutor, Colorado City, Robert Huttash, State's Atty., and Julie B. Pollock, Asst. State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury for the offense of possession of a firearm by a felon. See V.T.C.A. Penal Code, § 46.05. The jury found the enhancement allegations to be true, assessed punishment at twenty years confinement in the Texas Department of Corrections, and imposed a $10,000 fine. The trial court cumulated this sentence with an earlier conviction for the same type of offense, pursuant to Art. 42.08, V.A.C.C.P.[1]

The Eastland Court of Appeals affirmed appellant's conviction in a published opinion. *Ware v. State*, 685 S.W.2d 442 (Tex. App.—Eastland 1985). We granted appellant's petition for discretionary review to consider appellant's single ground for review, which states:

"The court of appeals erred in overruling appellant's pro se ground of error which argues: the trial court erred in failing to grant appellant's motion to suppress evidence as to the State's exhibit 2, a handgun, and in admitting same into evidence over the objection of the appellant, be-

cause of an affidavit based on conclusions only, making the arrest warrant invalid."

The Court of Appeals held that the sworn complaint upon which the arrest warrant was based was not itself based on "conclusions only." *Ware*, supra at 685 S.W.2d 445. The court went on to hold that, even if the complaint was insufficient, the officers would have been justified in executing the arrest warrant which was issued by a magistrate, under the authority of *United States v. Leon*, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). *Ware*, supra at 685 S.W.2d 445.

The complaint used to support the issuance of the arrest warrant, stated in pertinent part:

"I, Bonnie Colleen Reisinger, being duly sworn, do state upon my oath that I have personal knowledge, and I charge that heretofore, and before the making of this complaint, on or about the 25th day of November, 1983, in the County of Nolan and State of Texas, *Albert Wayne Ware*, Defendant did then and there knowingly and intentionally threaten to harm H.T. Fillingim, a witness, by an unlawful act, namely: causing the death of the said H.T. Fillingim, a witness in a criminal trial, to wit: Cause number 5471–A in the 32nd District Court of Nolan County, Texas styled the State of Texas versus Albert Wayne Ware."

Appellant argues that this complaint states a mere conclusion, and is thus "insufficient for a magistrate to satisfy himself that the affiant is possessed of facts that legally justify the conclusion that a crime has been committed and that the accused has committed it," citing *Rumsey v. State*, 675 S.W.2d 517 (Tex.Cr.App.1984).

It is well settled that an arrest warrant affidavit must provide the magistrate with sufficient information to support an inde-

---

1. See *Ware v. State*, 677 S.W.2d 546 (Tex.App.— Eastland 1983, pet. granted), where the Court of Appeals reversed the prior conviction, holding that there was no evidence as to the underlying facts on appellant's conviction for involuntary manslaughter. Specifically, there was no evidence that the previous conviction of "involun- tary manslaughter" was for a "felony involving an act of violence to a person or property," as required by V.T.C.A. Penal Code, § 46.05(a). *Id.* at 547. This Court heard oral arguments on January 4, 1984, and the case remains pending decision at this time.

pendent judgment that probable cause exists to believe that the accused has committed an offense. See *Armstrong v. State*, 718 S.W.2d 686 (Tex.Cr.App.1985) (State's Motion for Rehearing denied October 22, 1986); and *Jones v. State*, 568 S.W.2d 847 (Tex.Cr.App.1978), *cert. denied*, 439 U.S. 959, 99 S.Ct. 363, 58 L.Ed.2d 352 (1979). Mere conclusions will not be sufficient. *Rumsey*, supra. The standards used to judge the showing of probable cause are the same for both arrest and search warrants. *Evans v. State*, 530 S.W.2d 932 (Tex.Cr.App.1975).

Prior to the United States Supreme Court's decision in *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), the standard to be applied in judging the sufficiency of an affidavit based on hearsay was set forth in *Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964) and explicated in *Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969). Under this standard, the affidavit had to contain sufficient information to reflect the credibility of the informer, and the underlying facts upon which the informant based his beliefs. This test was applied rigidly: if either prong was found to be insufficient, the entire warrant was invalidated. See *Stoddard v. State*, 475 S.W.2d 744 (Tex.Cr.App. 1972).

In *Gates*, supra, the United States Supreme Court held that the two-prong test should be abandoned, and replaced with a "totality of the circumstances" test. Under the new standard, the magistrate should be able to determine from the affidavit that there is a fair probability that the contraband or evidence will be found in a particular place, or with regard to arrest warrants, that an offense has been committed. The *Gates* test is less stringent that the *Aguilar-Spinelli* test. See *Cassias v. State*, 719 S.W.2d 585 (Tex.Cr.App.1986).

We need not determine at the present time which standard should apply to arrest or search warrants under Texas law because, as will be discussed below, we find that the affidavit presented in the instant case fails to satisfy either test. In order to develop this finding, we will examine both the credibility and the specificity requirements.[2]

We turn first to the issue of whether the affidavit reflects the credibility of the informer. When a named citizen informant provides information used in an arrest or search warrant affidavit, special considerations are given. In *Frazier v. State*, 480 S.W.2d 375 (Tex.Cr.App.1972), at 379, we stated the following:

> "The reasons for detailing the basis for an officer's belief in information gained from an undisclosed informant simply do not apply where a private citizen, whose only contact with the police or criminal activity is a result of having witnessed a single criminal act committed by another, furnishes law enforcement officials with information and vouches for such information by allowing the officers to use his name. Recently the United States Court of Appeals for the Fifth Circuit stated in *United States v. Bell*, 457 F.2d 1231:
>
> .   .   .   .   .
>
> 'Many informants are intimately involved with the persons informed upon and with the illegal conduct at hand, and this circumstance could also affect their credibility. None of these considerations is present in the eyewitness situation such as was present here. Such observers are seldom involved with the miscreants or the crime....' ".

This Court reiterated this holding in *Esco v. State*, 668 S.W.2d 358 (Tex.Cr.App.1982), when we stated:

> "As the Court has consistently stated, where a named informant is a private citizen whose only contact with the police is a result of having witnessed a criminal act committed by another, the credibility

---

2. *Gates*, supra, did not dispense with the two requirements used in the *Aguilar-Spinelli* test. Rather, the Supreme Court simply held that the prongs should not be applied too rigorously,

and the entire affidavit should be examined to determine whether, as a whole, probable cause is established.

and reliability of the information is inherent."

*Id.* at 360–1, citing *Wood v. State,* 573 S.W.2d 207, n. 2 (Tex.Cr.App.1978), and *Frazier,* supra. Thus, the informant's status as a named citizen confers special considerations with regard to that person's credibility and reliability.

As appellant's ex-girlfriend, Reisinger does not completely fit the mold of the detached citizen-witness, but certainly her status is accompanied by some of the indicia of reliability discussed in *Frazier,* supra, and we do not impugn her credibility. The informer's credibility is, however, not the only showing necessary for a magistrate's determination that probable cause to arrest exists. There must also be sufficient facts related by that informer to establish probable cause.

In the instant affidavit, the affiant states only that she has personal knowledge that appellant threatened to commit the offense of retaliation. No information is given as to the means by which the affiant obtained the information, or the underlying circumstances surrounding its acquisition. The affidavit simply fails to reflect *any* facts upon which a magistrate could determine that an offense had been committed. As such, it is invalid under either the "totality of the circumstances" test according to *Gates,* supra, or the more stringent *Aguilar-Spinelli* test.[3]

Since the affidavit is insufficient, the trial court erred by permitting evidence obtained as a result of appellant's arrest to be introduced. The Court of Appeals erred in finding that the affidavit was sufficient.

The Court of Appeals went on to hold that, even if the complaint was insufficient, the officers would have been justified in executing the arrest warrant which was issued by the magistrate. *Ware,* supra at 685 S.W.2d 445. *United States v. Leon,* supra, 104 S.Ct. at 3423, was cited for the statement:

> "In the absence of an allegation that the magistrate abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause." *Ware,* supra at 445.

Since the Court of Appeals had already determined that the affidavit was sufficient, and since the State did not raise this issue before the Court of Appeals in connection with appellant's appeal, the Court of Appeals' statements regarding *Leon,* supra, constitute dicta. Also, appellant's petition for discretionary review was not granted to determine whether *Leon,* supra, should be adopted. We therefore disavow the Court of Appeals' statements regarding this issue, and will not address it herein.

Accordingly, the judgments of the Court of Appeals and the trial court are reversed, and the cause is remanded to the trial court.

ONION, P.J., and W.C. DAVIS and McCORMICK, JJ., dissent.

WHITE, J., not participating.

---

**3.** The State argues in the alternative that the collective information possessed by the law enforcement officials of Nolan County was sufficient to establish probable cause and justify appellant's arrest, citing *Woodward v. State,* 668 S.W.2d 337, 344–46 (Tex.Cr.App.1984) (opinion on State's motion for rehearing), *Gilmore v. State,* 666 S.W.2d 136, 143 (Tex.App.—Amarillo 1983, pet. ref'd), and *Brown v. State,* 443 S.W.2d 261 (Tex.Cr.App.1969). The State fails to indicate anything in the record which shows a cumulative degree of information approaching that in any of these cases; it baldly asserts that "[o]fficials knew appellant had been carrying a pistol in Sweetwater, witnesses recited facts from first-hand knowledge of the threats made by appellant. This information was conveyed to law enforcement officials." Furthermore, this issue was not a basis for the Court of Appeals' decision, nor a basis for our grant of discretionary review. We therefore dismiss the contention summarily.