Albert Wayne WARE, Appellant,

v.

The STATE of Texas, Appellee.

No. 1116–85.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 23, 1987.

Frank W. Conard, II, Sweetwater, for appellant.

Norman Arnett, Dist. Atty., Sweetwater, and Andrew Ottaway, Asst. Dist. Atty., Frank Ginzel, Special Prosecutor, Colorado City, Robert Huttash, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

DUNCAN, Judge.

The appellant was convicted of retaliation as proscribed by § 36.06 *Tex. Penal Code (1985)* and was assessed punishment at twenty years in the penitentiary and a $10,000 fine. His conviction was affirmed by the Eleventh Court of Appeals in a published opinion: *Ware v. State,* 697 S.W.2d 70 (Tex.App.—Eastland 1985, pet. granted). The appellant's Petition for Discretionary Review was granted to examine the Court of Appeals' conclusion that the affidavit and warrant that effectuated the appellant's arrest was valid and therefore the admission into evidence of a pistol discovered during a search incident to the arrest was valid.

In a previous conviction of the appellant for possession of a firearm by a felon, which is integrally related to this appeal, *Ware v. State,* 685 S.W.2d 442 (Tex.App.—Eastland 1985, pet. granted), the Eleventh Court of Appeals reviewed the appellant's claim that the affidavit and warrant which produced his arrest lacked probable cause and a firearm seized as a result of the arrest should have been suppressed. The Court of Appeals concluded that the affidavit and warrant were valid and thus the weapon was admissible in evidence. Reviewing the Court of Appeals opinion in that case, this Court disagreed and observed that:

> In the instant affidavit, the affiant states only that she has personal knowledge that appellant threatened to commit the offense of retaliation. No information is given to the means by which the affiant obtained the information, or the underlying circumstances surrounding its acqui-

sition. The affidavit simply fails to relate *any* facts upon which a magistrate could determine that an offense had been committed. As such, it is invalid under either the 'totality of the circumstances' test according to *Gates,* supra, or the more stringent *Aguilar-Spinelli* test.

Since the affidavit is insufficient, the trial court erred by permitting evidence obtained as a result of appellant's arrest to be introduced. The Court of Appeals erred in finding that the affidavit was sufficient. *Ware v. State,* 724 S.W.2d 38, 41 (Tex.Cr.App.1986)

Accordingly, the appellant's conviction was reversed and the case remanded to the trial court.

The Court's analysis and disposition of the appellant's ground for review in the previous prosecution are applicable to the review of this case because the affidavit, arrest warrant, and the pistol that was admitted into evidence in this case are the same as those which were involved in the other prosecution. (*Ware v. State, Id.*)

A recitation of the facts in this case is not necessary to a resolution of the appellant's claimed error. For the curious, however, one is referred to *Ware v. State,* 685 S.W.2d 442 (Tex.App.—Eastland 1985, pet. granted), which adequately details the incident.

The legal principle or doctrine of "the law of the case" in its most basic form provides that an appellate court's resolution of a question of law in a previous appeal of the same case will govern the disposition of the same issue should there be another appeal. 6 Tex.Jur.3d *Appellate Review* § 901 (1980) The "law of the case" doctrine is as applicable to the appeals of criminal cases as it is to appeals of civil cases. *Ex Parte Calvin,* 689 S.W.2d 460 (Tex.Cr.App.1985)

Because the identical issue raised in the present case was previously resolved in *Ware v. State,* 724 S.W.2d 38 (Tex.Cr.App. 1986), that is, the validity of the affidavit and arrest warrant, and although we are less than anxious to do so, we are compelled to defer to the the "law of the case" doctrine and again conclude that the affida-

vit and arrest warrant were legally insufficient. Thus, the appellant's motion to suppress the pistol should have been granted.

It is true that in purely analytical terms the "law of the case" doctrine is only applicable to subsequent appeals of the *same* case. This appeal is admittedly not exactly the *same* case as that reviewed in *Ware v. State, Id.* However, as a practical matter the prosecutions, although for different offenses, are identical in every other relevant detail. Thus, when the facts and legal issues in a case on appeal are virtually identical with those in a previous appeal in which the legal issues were resolved then logic and reason dictate that the appeals be viewed as the same case.

Such a minimal departure from, or expansion of, existing theoretical principles has, at least implicitly, been previously approved by this Court. In *Warren v. State,* 523 S.W.2d 237 (Tex.Cr.App.1975) the defendant was convicted of robbery and attempted escape. He was jointly tried with four other defendants. On appeal the Court observed that "[t]he sole contention presented by this appeal is part of the contention raised in *Thompson v. State,* supra [514 S.W.2d 275 (Tex.Cr.App.1974)] [a codefendant's appeal], i.e., the challenge to the sufficiency of the evidence to support the conviction of the robbery." *Id.* at 237. Without elaborating upon the doctrine the Court merely concluded: "The law of the case doctrine requires that the determination of the facts in *Thompson v. State,* supra, adverse to this appellant, controls." *Id.*

We feel it is necessary to emphasize that this opinion is not a departure from our rather well-established practice of refusing to examine the record of another case in this Court in order to resolve any issue. *Garza v. State,* 622 S.W.2d 85 (Tex.Cr.App. 1981). The indisputable relationship of this case and this Court's disposition of the prosecution that preceded it is apparent from a review of the record and the previously reported opinions.

Consistent with the action of this Court in *Warren v. State,* supra, the judgment of

the Court of Appeals is reversed and the cause is remanded to the trial court.

ONION, P.J., and DAVIS, McCORMICK and WHITE, JJ., dissent.