NUMBER 13-00-358-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________


RUBEN NEVAREZ , Appellant,

v.



THE STATE OF TEXAS , Appellee.

___________________________________________________________________


On appeal from the 347th District Court

of Nueces County, Texas.

__________________________________________________________________


O P I N I O N



Before Chief Justice Valdez and Justices Yañez and Castillo

Opinion by Justice Castillo



Appellant Ruben Nevarez appeals from a jury verdict of guilty on one count of methamphetamine possession. He was
sentenced to six years confinement with the Texas Department of Justice-Institutional Division and assessed a $10,000
fine. In a single point of error, appellant asserts that the trial court abused its discretion in denying his motion to suppress
evidence, based on a violation of his Fourth Amendment right to protection against unreasonable searches and seizures due
to an invalid arrest warrant on an unrelated offense. We find there was probable cause for issuance of the search warrant
and therefore affirm.

Factual Summary

Appellant was arrested on February 24, 1998, pursuant to an arrest warrant. The warrant was issued based on a sexual
assault allegation made by a woman who claimed she was drugged and raped by Nevarez on February 12, 1998. The
charges prompting the warrant were later no-billed. 

During a search conducted on appellant's person pursuant to the arrest, the police discovered that appellant was carrying
3.84 grams of methamphetamines. Appellant filed an unsuccessful pretrial motion to suppress evidence, alleging the arrest
warrant was invalid because the issuing magistrate was misled by an affidavit containing statements made in reckless
disregard for the truth. Appellant claims that there was insufficient probable cause to issue the warrant, rendering the
subsequent arrest and discovery of the methamphetamine evidence illegal.

In a hearing on the motion to suppress, Officer Michael Hess, the officer who produced the allegedly misleading affidavit,
testified that he based the affidavit on two police reports and testimony from a hotel desk clerk working the night the
incident allegedly occurred. Appellant claims Hess's paraphrased interpretation of the police reports coupled with the
omission of fundamental facts caused the magistrate to issue a warrant that lacked probable cause. Hess testified that he
did not knowingly make any false statements in the affidavit nor attempt to be deceptive to the magistrate issuing the
warrant. Based upon the testimony of Hess and the affidavit itself, the motion to suppress was denied. 

Standard of Review 

The Fourth Amendment of the United States Constitution and article I, section 9 of the Texas Constitution guarantee the
right to be secure from unreasonable searches and seizures made without probable cause. U.S. Const. amend. IV; Tex.
Const. art. I, § 9. No evidence obtained by an officer or other person in violation of any provisions of the constitution or
laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted against the
accused in a criminal case. Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon Supp. 2000).

When reviewing the sufficiency of affidavits, a trial court's determination of probable cause is owed great deference.
Illinois v. Gates, 462 U.S. 213, 236 (1983). As the lone fact-finder and judge of the witnesses' credibility and weight of the
evidence, a ruling by the trial court will only be overruled if it extends outside the bounds of reasonable disagreement.
Hinojosa v. State, 4 S.W.3d 240, 247 (Tex. Crim. App. 1999). 



Affidavit Sufficient to Support Determination of Probable Cause

An arrest warrant affidavit must provide the magistrate with sufficient information to support an independent determination
that probable cause exists to believe that the accused has committed a crime.McFarland v. State, 928 S.W.2d 482, 509
(Tex. Crim. App. 1996); Ware v. State, 724 S.W.2d 38, 39-40 (Tex. Crim. App. 1986). The duty of a reviewing court is
simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed. Gates, 462 U.S. at
238-39; Eisenhauer v. State, 754 S.W.2d 159, 164-65 (Tex. Crim. App. 1988). (1) Probable cause is not justified by an
affiant's mere conclusion that a suspect has committed a crime. Ware, 724 S.W.2d at 40. The probability that criminal
activity has occurred is required to establish probable cause; an actual showing is not necessary. Gates, 462 U.S. at 235.

In determining the sufficiency of an affidavit for an arrest warrant, a reviewing court is limited to the "four corners of an
affidavit." McFarland, 928 S.W.2d at 510. The entire picture presented by the affidavit, and not merely its individual
paragraphs, is used to determine whether it provides probable cause to support the trial court's order. United States v.
Minis, 666 F.2d 134, 139-40 (5th Cir. 1982). Warrant affidavits are interpreted in a common sense and realistic manner;
the reviewing magistrate is permitted to draw reasonable inferences from the facts. Lagrone v. State, 742 S.W.2d 659, 661
(Tex. Crim. App. 1987). 

 By viewing affidavits by the "totality of the circumstances," courts no longer require that credibility, reliability and basis of
knowledge be established by separate and independent facts; however, they remain highly relevant factors in determining
whether probable cause exists. Ashcraft v. State, 934 S.W.2d 727, 732 (Tex. App.--Corpus Christi 1996, pet. ref'd). When
the direct source of the information conveyed to the magistrate via a police officer is the victim or an eyewitness, neither
facts independently corroborative of the occurrence nor the basis for the claimed reliability of the eyewitness need to be
recited. Belton v. State, 900 S.W.2d 886, 894 (Tex. App.--El Paso 1995, pet. ref'd). The credibility and reliability of a
person whose only contact with the police occurs in the citizen's role as a witness is inherent. Mason v. State, 838 S.W.2d
657, 660 (Tex. App.--Corpus Christi 1992, pet. ref'd).

Probable cause may be founded upon hearsay and upon information received from informants, as well as upon information
within the affiant's own knowledge that sometimes must be garnered hastily. Janecka v. State, 937 S.W.2d 456, 462 (Tex.
Crim. App 1996). Specifically, a magistrate is entitled to rely upon information supplied by the police officer's own
observations and upon information supplied by fellow officers engaged in a common investigation. Ashcraft, 934 S.W.2d
at 733. 

Examining the four corners of the affidavit with a common sense and realistic interpretation, we find that there is a
substantial basis for concluding that the magistrate had sufficient information to believe probable cause existed to issue a
warrant for Nevarez's arrest. The first three paragraphs of Officer Hess's affidavit relay information the victim gave to the
officers investigating the crime, and thus are reliable for the purposes of establishing probable cause. These paragraphs
state that the victim claimed Nevarez drugged her and then sexually assaulted her in a hotel room while she was
unconscious. Reportedly, she woke up to find him undressed and on top of her. The last two paragraphs are based upon
information Hess gathered himself from other informants, making them equally reliable for establishing the existence of
probable cause. Those paragraphs demonstrate that the victim told a hotel desk clerk to call the police after the incident
and was taken by the police to a hospital for a sexual assault exam and drug screen. The exam indicated that the victim had
sustained vaginal and anal trauma, and the drug screen revealed traces of opiates, T.H.C., cocaine, and amphetamines in her
blood stream. The collective information contained in the affidavit was believable and sufficient to sustain a finding of
probable cause for an arrest warrant. 

No Evidence That Affidavit Was Made in Reckless Disregard of the Truth

When a defendant seeks to suppress evidence lawfully obtained by warrant, based on alleged falsehoods made in the
affidavit supporting that warrant, he must establish by a preponderance of the evidence that such falsehoods were made
knowingly, intentionally or with reckless disregard for the truth. Franks v. Delaware, 438 U.S. 154, 156 (1978); Janecka,
937 S.W.2d at 462. If a falsehood is material to establish probable cause, it must be excised from the affidavit, and if the
affidavit's remaining content is insufficient to establish probable cause, the warrant must be voided and evidence obtained
pursuant to that warrant must be excluded. Franks, 438 U.S. at 156; Janecka, 937 S.W.2d at 462. 

This rule does not apply when police act "merely negligently" in collecting information for the affidavit. Hinojosa v. State,
4 S.W.3d 240, 247 (Tex. Crim. App. 1999). To prove reckless disregard for the truth, a defendant must show that the
affiant entertained serious doubts about the truth of the allegations. Davila v. State, 871 S.W.2d 806, 812 (Tex.
App.--Corpus Christi 1994, pet. ref'd). Consequently, all facts in an affidavit are not required to be correct as long as the
affiant believes the statements to be true.  Janecka, 937 S.W.2d at 462. 

Further, the Texas Court of Criminal Appeals has not yet decided whether to extend the test set forth inFranks v. State to
material omissions from the affidavit as well as misstatements. Massey v. State, 933 S.W.2d 141, 146 (Tex. Crim. App.
1996). The Fifth Circuit does apply a Franks analysis to omissions, examining first whether the omissions were in fact
made, and, second, if they were made intentionally or with a reckless disregard for the accuracy of the affidavit. United
States v. Martin, 615 F.2d 318, 328 (5th Cir. 1980). If this burden is met, probable cause must exist with the inclusion of
the omitted facts or else the warrant becomes void and its fruits excluded from evidence. Id.

Focusing primarily on the paraphrasing Hess used in the affidavit, appellant specifically attacks the affidavit as containing
one misstatement and four omissions. His assertion of misstatements and omissions is as follows:

1. Anita Walker Cabrera did not say she was sexually assaulted during her first interview with police, and in fact, she did
not specifically say that appellant had sexually assaulted her as the affidavit indicated. This is contrary to the affidavit assertions.

2. The affidavit failed to correctly indicate that Ms. Cabrera remained alone in the motel room for around 15 hours after
the time appellant left.

3. The affidavit failed to correctly indicate that Ms. Cabrera had no visible signs of violence.

4. The affidavit failed to correctly indicate that no witnesses were interviewed except the motel time keeper and that no
physical evidence in the motel room was analyzed.

5. The affidavit failed to correctly indicate that Ms. Cabrera was intoxicated when interviewed by police.

Like the court of criminal appeals in Massey, we need not reach the issue of whether omissions fall under a Franksanalysis. 
Even if such an analysis were to apply here, we find that none of the alleged omissions or misstatements are supported by
the record. The two police reports regarding this sexual assault claim were not made a part of the appellate record in this
case, nor were they ever made part of the record below. At the hearing on the motion to suppress, appellant's trial counsel
suggested that these facts existed in the police reports while questioning Officer Hess. However, Officer Hess never
testified as to the veracity of the lawyer's description of the facts in those reports. Further, there was no evidence presented
that any of the alleged omissions were intentional. On the contrary, Officer Hess testified that he did not knowingly make
any false statements or do anything that might be considered an attempt to deceive the magistrate through his affidavit. 
Appellant has failed to prove otherwise. Therefore, the appellant failed to meet his burden under Franks andJanecka. 

Further, even if we found it necessary to include the omitted facts, Officer Hess's affidavit would still be sufficient to justify
probable cause to issue a warrant. The fact that the victim was alone in the room after 1:45 A.M. on February 12, 1998,
does not negate the possibility that she was raped by appellant prior to that point. The fact that she did not report the details
of the sexual assault until the next day is consistent with her story that she was drugged and raped in her sleep, only to
realize later an assault had occurred because of "where she was hurt on her body." Further, a sexual assault under these
facts would not necessarily leave physical signs of violence, evidence in the hotel room, or witnesses to interview. The
victim's alleged intoxication while giving her statement, though possibly relevant at trial, also is not sufficient to disprove
the existence of probable cause that a crime has been committed. Finally, the fact that the victim did not use the legal term
"sexual assault" in giving her statement to the police is of no consequence when she has described in detail the facts of the
alleged assault. 

Disposition

Accordingly, the appellant's issue on appeal is overruled and the trial court's judgment is affirmed. 

 

ERRLINDA CASTILLO

Justice 





Do not publish .

Tex. R. App. P. 47.3.



Opinion delivered and filed

this 31st day of August, 2001.

1. Although Gates and Eisenhauer both involved a search warrant rather than an arrest warrant, the standards used to judge
the showing of probable cause are the same for both arrest and search warrants. Ware v. State, 724 SW.2d at 40.