NO. 12-01-00306-CR



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




ROBERT JOSEPH SCHMITT,
§
 APPEAL FROM THE 269TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 COLLIN COUNTY, TEXAS






MEMORANDUM OPINION


 Appellant Robert Joseph Schmitt appeals from his convictions for two counts of sexual
assault of a child. After finding him guilty, the jury assessed the maximum punishment available, 
twenty years of confinement and a $10,000.00 fine in each case. Appellant assails the convictions
in twenty-three issues. We affirm.


Background

 Due to difficulty dealing with her parents' divorce and her mother's illness, thirteen-year-old
L.H. began counseling at the end of September 1996. Appellant was her counselor. Soon after she
began going to Appellant for counseling, he initiated sexual contact. Not long after L.H.'s fourteenth
birthday, which was October 24, 1996, he exposed his erect penis. Shortly thereafter, Appellant
went to L.H.'s school and, without anyone's knowledge or permission, took her to his apartment
where they engaged in sexual acts. Their sexual relationship continued for almost two years. In the
spring of 2000, one of L.H.'s friends told L.H.'s dad about the abuse. He and L.H. then notified the
police and this prosecution followed. The jury found Appellant guilty of sexual assault of a child
occurring on or about June 9, 1997 and sexual assault of a child occurring on or about November
1, 1996. It assessed punishment at twenty years of confinement and a $10,000.00 fine for each
offense.


Affidavits in Support of Warrants

 In his first and second issues, Appellant contends the trial court erred in failing to suppress
the affidavit of probable cause and arrest warrant dated April 6, 2000. In his sixth issue, he contends
the trial court erred in refusing to suppress the affidavit of probable cause and search warrant dated
April 10, 2000. In his fourteenth issue, Appellant asserts that the trial court erred in failing to quash
the indictment because of perceived flaws in the affidavit supporting the arrest warrant. In his
eleventh issue, Appellant contends, without elaboration, that "the trial court erred in permitting the
State to go forward with the trial based on the Court's finding that the finding of the Grand Jury in
filing the indictment resolved the problem of probable cause." He asserts that both affidavits were
improperly based solely on hearsay information provided by L.H. and do not contain any supporting
facts within the personal knowledge of the officer who prepared the affidavits.

 When the State produces a warrant valid on its face, the defendant must go forward to
establish the invalidity of the warrant on some ground. Belton v. State, 900 S.W.2d 886, 893 (Tex.
App.-El Paso 1995, pet. denied). The standards used to judge the showing of probable cause are the
same for both arrest and search warrants. Ware v. State, 724 S.W.2d 38, 40 (Tex. Crim. App. 1986). 
Whether an affidavit in support of a warrant is sufficient to show probable cause must be determined
from the four corners of the affidavit itself. Tolentino v. State, 638 S.W.2d 499, 501 (Tex. Crim.
App. 1982). The magistrate should be able to determine from the affidavit that there is a fair
probability that the contraband or evidence will be found in a particular place, or with regard to arrest
warrants, that an offense has been committed and that the person named in the affidavit committed
the offense. Ware, 724 S.W.2d at 40; Belton, 900 S.W.2d at 893. The appellate court determines
whether the magistrate, viewing the totality of the circumstances, had a substantial basis for
concluding that probable cause existed. Illinois v. Gates, 462 U.S. 213, 230-31, 103 S. Ct. 2317,
2328-29, 76 L. Ed. 2d 527 (1983). 

 The affidavit must contain sufficient facts supporting the officer's personal knowledge or
belief of the alleged facts such that a neutral and detached magistrate may determine whether
probable cause exists. Gordon v. State, 801 S.W.2d 899, 914 (Tex. Crim. App. 1990). Where the
victim or eyewitness to the offense is the direct source of the information conveyed to the magistrate
via a police officer, neither facts independently corroborative of the occurrence nor the basis for the
claimed reliability of the victim need be recited. Belton, 900 S.W.2d at 894.

 Both affidavits were prepared by Beth Chaney, the investigating officer. They set out specific
facts regarding the offenses. Officer Chaney obtained these facts directly from L.H. Officer Chaney
also obtained invoices and insurance forms from L.H.'s father showing dates L.H. received
counseling from Appellant. This documentation shows Appellant had access to L.H. on the dates
alleged in the indictment. Thus, the affidavits provided the magistrate with enough information to
determine that probable cause existed to arrest Appellant and search his office. See Marx v. State,
953 S.W.2d 321, 336 (Tex. App.- Austin 1997), aff'd, 987 S.W.2d 577 (Tex. Crim. App. 1999). 
The trial court did not err in failing to suppress the affidavits in support of the arrest warrant and
search warrant. Further, the trial court did not err in refusing to quash the indictment or stop the
prosecution on this basis. We overrule Appellant's first, second, sixth, eleventh, and fourteenth
issues.

Joinder

 In his third, fourth, and fifth issues, Appellant asserts the trial court erred in failing to quash
the indictment because the affidavit in support of the arrest warrant does not establish that the two
counts are based on a single criminal episode. He further argues that there are no supportive facts
in the affidavit within the officer's personal knowledge.

 Our search of the record reveals no motion to quash the indictment presented to the trial
court, but we shall briefly address the merits of this complaint. Assuming the affidavit is pertinent
to disposition of these issues, we reject Appellant's argument that the affidavit is insufficient for the
reasons stated above. 

 Two or more offenses may be joined in a single indictment, with each offense stated in a
separate count, if the offenses arise out of the same criminal episode as defined by Texas Penal Code
Section 3.01. Tex. Code Crim. Proc. Ann. art. 21.24 (Vernon 1989). "Criminal episode" means
the commission of two or more offenses under the following circumstances: 1) the offenses are
committed pursuant to the same transaction or pursuant to two or more transactions that are
connected or constitute a common scheme or plan; or 2) the offenses are the repeated commission
of the same or similar offenses. Tex. Penal Code Ann. § 3.01 (Vernon 2003).

 Count I of the indictment alleged that Appellant, on or about the 9th day of June 1997,
sexually assaulted L.H. in five different ways. Count II of the indictment alleged that Appellant, on
or about the 1st day of November 1996, sexually assaulted L.H. in five different ways. L.H. testified
that the sexual assaults began in the fall of 1996 and concluded in the summer of 1998. The two
instances of sexual assault specified in the indictment constitute "repeated commission of the same
or similar offenses." O'Hara v. State, 837 S.W.2d 139, 142 (Tex. App.-Austin 1992, pet. ref'd). 
Therefore, the offenses were properly joined in a single indictment. The trial court did not err in
failing to quash the indictment for improper joinder. We overrule issues three, four, and five. 


Admissibility of Evidence

 In his tenth issue, Appellant asserts the trial court erred by "allowing into evidence any
testimony in regard to Counts One and Two of the indictment because upon the affidavit of probable
cause there was [sic] no supporting facts within the affiant police officer's personal knowledge to
establish that the alleged offenses on November 1, 1996 and April 9, 1997 grew out of the same
criminal episode." In his thirteenth issue, Appellant contends "the trial court erred in allowing into
evidence any testimony in regard to Count One and Two of the indictment because the Appellant by
his plea of 'not guilty,' which was never withdrawn preserved his constitutional error under the
Constitution of the United States, amendments 4 and 14 and the Constitution of the State of Texas,
Article 1, Section 9 without further objection as to its admissibility."

 Appellant grouped issues seven through sixteen in one multifarious argument. We find no
argument explaining his contentions named in issues ten or thirteen, arguing his position, or citing
to authority in support of his position. When a party raises an issue without citation of authority or
argument, the party presents nothing for appellate review. State v. Gonzales, 855 S.W.2d 692, 697
(Tex. Crim. App. 1993). Further, to the extent the sufficiency of the affidavit in support of the arrest
warrant has any impact on admissibility of evidence, we have already determined that the affidavit
is sufficient and that the offenses grew out of the same criminal episode. We overrule issues ten and
thirteen.



Psychological Evaluation

 In his seventh issue, Appellant asserts the trial court erred in denying his motion for a
psychological and/or psychiatric evaluation of L.H. and an evaluation of her diary. That denial, he
claims, deprived him of due process. Appellant states that the decision to grant or deny his motion
was within the trial court's discretion but does not argue his position. In the motion he filed with
the trial court, Appellant insinuated that the allegations against him were false reports made by an
emotionally disturbed teenager. He argued there that, if he is unable to obtain a psychological
evaluation of L.H., he will be deprived of the presumption of innocence and the ability to prepare
a defense.

 The record shows that a hearing on the motion was set for July 30, 2001. On the first day of
trial, reference was made to that hearing. However, the record on appeal does not include a
reporter's record of the July 30 proceedings. 

 There is no general right to discovery in a criminal case under either the federal or Texas
constitutions. State v. Stephens, 724 S.W.2d 141, 143 (Tex. App.- Dallas 1987, orig. proceeding). 
A criminal defendant's right to discovery under the United States Constitution is limited to
exculpatory or mitigating evidence in the State's possession, custody, or control. In re State, No.
08-03-00004-CR, 2003 Tex. App. LEXIS 7430, at *12 (Tex. App.- El Paso August 28, 2003, orig.
proceeding). 

 Article 39.14 of the Texas Code of Criminal Procedure provides the defendant with a limited
right of discovery. Tex. Code Crim. Proc. Ann. art. 39.14 (Vernon Supp. 2003). That statute
requires the defendant to show good cause, materiality, and possession of the discoverable item by
the State. Id. That statute does not give the defendant a general right to discovery. Stephens, 724
S.W.2d at 144. It merely provides that judges may order the State to allow discovery of tangible
objects that are not privileged. Id. It allows discovery of some written documents but specifically
excepts from discovery written statements of witnesses. Tex. Code Crim. Proc. Ann. art. 39.14(a). 
The decision about what is discoverable is committed to the discretion of the trial court. State v.
Williams, 846 S.W.2d 408, 410 (Tex. App.- Houston [14th Dist.] 1992, pet. ref'd). However, the
trial judge is not free to order discovery more extensive than that authorized by the statute. 
Stephens, 724 S.W.2d at 144.

 The diary was written by L.H., a witness, and therefore not discoverable. Tex. Code Crim.
Proc. Ann. art. 39.14(a). The diary is not in the appellate record. However, L.H. testified that she
wrote in her diary that she and Appellant had sex during June of 1997. This is not exculpatory
evidence. Further, during his cross-examination of L.H., Appellant asked if she had her diary with
her at the trial. Later, he stated, "In your diary there is a fellow that you talk about all the time. His
name started with an 'A.'" Later, he asked her who she referred to in her diary when she referred to
Joseph. This would indicate that Appellant had read the diary. Finally, in a pretrial motion,
Appellant mentioned that, although the District Attorney would not allow it to be copied, he allowed
"some examination" of the diary. 

 Appellant has no constitutional or statutory right to have L.H. examined. See Stephens, 724
S.W.2d at 144 (Trial court not empowered to order witness to submit to physical examination for
purpose of providing criminal defendant with discovery.). Because the trial court was not authorized
to order a psychological evaluation, and the diary was not discoverable, the trial court did not err in
denying Appellant's motion for psychological evaluation. We overrule issue seven.


Motion for Continuance

 In his eighth issue, Appellant asserts the trial court erred in denying his motion for
continuance filed prior to trial because a two-day delay would have occasioned no hardship on the
State and the denial effectively prevented him from properly presenting evidence on his own behalf. 
He explains that, because his motion for psychological examination was denied, he needed to call
Dr. Michael Wolf, a psychologist, as his expert witness. However, Dr. Wolf was out of town on
August 6, 2001, the day the trial was scheduled to begin.

 Appellant's motion for continuance was filed at 9:39 a.m. on August 6, 2001. He asked for
a thirty-day continuance to obtain the presence of his expert, Dr. Wolf, who would be out of town
until August 10, 2001. The motion does not comply with the statutory requirements for motions for
continuance based on an absent witness. See Tex. Code Crim. Proc. Ann. art. 29.06, 29.07
(Vernon 1989). Further, it is not sworn to by a person having personal knowledge of the facts relied
on for continuance. Tex. Code Crim. Proc. Ann. art. 29.08 (Vernon 1989). A motion for
continuance is a matter left to the sound discretion of the trial court. Tex. Code Crim. Proc. Ann.
art. 29.06. Due to Appellant's lack of compliance with the statute, the trial court did not abuse its
discretion in denying the motion. Further, to preserve error and challenge a trial court's refusal of
a motion for continuance made because of an absent witness, Appellant must file a sworn motion
for new trial, stating the testimony he expected to present by the witness. Ashcraft v. State, 900
S.W.2d 817, 834 (Tex. App.- Corpus Christi 1995, pet. ref'd). A showing under oath by means of
an affidavit of the missing witness or some other source as to what that witness would testify must
accompany the motion for new trial. Id. While Appellant did mention this complaint in his unsworn
motion for new trial, he did not make a showing under oath as to what Dr. Wolf would have testified. 
We overrule Appellant's eighth issue.


Pretrial Bond

 In his ninth issue, Appellant contends that the trial court erred in granting a pretrial bond
increase because the amount was excessive and it imposed a condition that deprived him of due
process. Issues concerning pre-trial bail are moot after the defendant is convicted. Oldham v. State,
5 S.W.3d 840, 846 (Tex. App.- Houston [14th Dist.] 1999, pet. ref'd) (op. on remand). We overrule
Appellant's ninth issue. 


Absence of Appellant

 In his twelfth issue, Appellant asserts that the trial court erred in allowing the trial to proceed
in Appellant's absence without an evidentiary finding reflected on the record that his absence was
voluntary. Article 33.03 of the Code of Criminal Procedure provides that, when the defendant
voluntarily absents himself after the jury has been selected, the trial may proceed to its conclusion. 
Tex. Code Crim. Proc. Ann. art. 33.03 (Vernon 1989).

 On August 6, 2001, a jury was empaneled and sworn. On the morning of August 7, 2001,
the State called L.H. to the stand. She testified until the trial court stopped for a lunch break. After
the lunch recess, the court stated:


 All right. For the record, we were having some discussions in the Court's chambers with regard to
some procedural matters and the Defendant absented himself from the courtroom and continues to
absent himself from the courtroom for some hour. And therefore, this court has - and I've been told
by the sheriff deputies that they have been looking for him for that length of time and he has not been
found.


The jury was then brought in and seated. The court explained: "Ladies and gentlemen, in the State
of Texas, the law says that when a person is on trial and voluntarily absents himself from the Court,
that the jury trial will continue on." Direct examination of L.H. continued. The following morning,
in the jury's absence, the court announced that Appellant had been arrested the night before. He was
brought to the courthouse from the jail. The trial court had sufficient facts before it at the time it
made the ruling to continue with the trial to conclude that Appellant's absence was voluntary. See
Moore v. State, 670 S.W.2d 259, 261 (Tex. Crim. App. 1984) (en banc). We overrule Appellant's
twelfth issue.


Motion in Arrest of Judgment

 In his fifteenth issue, Appellant asserts the trial court erred in summarily denying his motion
in arrest of judgment. His scant argument regarding this issue merely states that the motion "relates
to the probable cause inadequacy and required a hearing when so requested." His written motion
in arrest of judgment argued that the sentence and judgment cannot be legally rendered upon the
indictment because the affidavits of probable cause upon which the arrest and search warrants were
based are insufficient as a matter of law because they are based on hearsay and fail to establish the
credibility of the informant. Further, he argued that the search was illegal.

 A motion in arrest of judgment is a defendant's oral or written suggestion to the trial court
that the judgment rendered was contrary to law. Tex. R. App. P. 22.1. The motion may be based on
the ground that the indictment is subject to an exception on substantive grounds, that in relation to
the indictment a verdict is substantively defective, or that the judgment is invalid for some other
reason. Tex. R. App. P. 22.2. A motion in arrest of judgment, which reaches only errors of
substance in the indictment, is essentially a post-trial motion to quash the indictment. Crittendon
v. State, 923 S.W.2d 632, 634 (Tex. App.- Houston [1st Dist.] 1995, no pet.). However, the
defendant is required to file a pre-trial motion to quash the indictment to avoid waiving such a
complaint. State v. Borden, 787 S.W.2d 109, 110-11 (Tex. App.- Houston [14th Dist.] 1990, no
pet.).

 Appellant did not file a pre-trial motion to quash the indictment. He therefore waived any
complaint that the judgment rendered was contrary to law as contemplated by Rule 22.1. Id. 
Additionally, his complaint goes to the affidavits in support of the arrest and search warrants. It does
not address any alleged substantive errors in the indictment. Accordingly, the trial court did not err
in denying his motion in arrest of judgment. To the extent Appellant is complaining of the trial
court's failure to hold a hearing on the motion, that complaint has no merit. The rule does not
require a hearing and anticipates the trial court's failure to formally rule on a motion in arrest of
judgment by explicitly deeming as denied a motion not timely ruled on. Tex. R. App. P. 22.4. We
conclude that no hearing is required. We overrule Appellant's fifteenth issue.


Communication Between Judge and Jury

 In his sixteenth issue, Appellant contends that the trial court erred in responding to a written
note from the jury during their deliberations without notice in open court. Appellant wholly failed
to argue this issue, therefore raising nothing for review. Gonzales, 855 S.W.2d at 697. We overrule
issue sixteen.


Ineffective Assistance of Counsel

 In his issues seventeen through twenty-three, Appellant contends his trial counsel was
ineffective in the following ways: (17) he failed to consult with Appellant for a seventeen-month
period from the date he was hired until the date of trial, (18) he failed to object to inadmissible
hearsay statements set forth in the affidavit of probable cause and the arrest warrant, (20) he made
no independent investigation of the facts, (21) he failed to consult Appellant prior to trial as to a plan
of defense or witnesses to be interviewed or subpoenaed to testify, (22) he had a conflict of interest
with Appellant, (23) he failed to secure a signed discovery order and obtain discovery items for trial
preparation, and (19) his conduct fell below an objective standard of reasonableness in such a way
as to undermine confidence in the outcome of the trial. 

 His list of the issues is followed by slightly more than one page of argument. He has not
argued issues nineteen, twenty-two, or twenty-three at all. The arguments concerning issues
seventeen, eighteen, twenty, and twenty-one are meager, providing insufficient facts or discussion
for a proper review. Accordingly, he has presented no ineffective assistance complaints for review. 
Gonzales, 855 S.W.2d at 697. To the extent we are able to review these complaints, they fail on the
merits.

 The United States Supreme Court has established a two-part test, also adopted by Texas
courts, to determine whether the representation of counsel was effective. The defendant must show
that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is
a reasonable probability that, but for counsel's unprofessional errors, the results of the proceedings
would have been different. Strickland v. Washington, 466 U.S. 668, 687-88, 104 S. Ct. 2052, 2064,
80 L. Ed. 2d 674 (1984). Counsel is presumed to have rendered adequate assistance and made all
significant decisions in the exercise of reasonable professional judgment. Strickland, 466 U.S. at
689, 104 S. Ct. at 2065. The appellant has the burden of proving ineffective assistance of counsel
claims by a preponderance of the evidence. Jackson v. State, 973 S.W.2d 954, 956 (Tex. Crim.
App. 1998). Claims of ineffective assistance of counsel must be supported by the record. See
Mercado v. State, 615 S.W.2d 225, 228 (Tex. Crim. App. [Panel Op.] 1981). 

 The record shows that the arrest warrant issued on April 6, 2000. The first surety bond was
signed by counsel on April 11, 2000. Thereafter, he signed several docket settings. He appeared at
the second bond hearing and signed the new bond. Toward the end of May 2001 he filed several
motions. The trial began on August 6, 2001, with counsel in attendance. The depth and breadth of
counsel's pre-trial investigation is not reflected in the record. The record is silent with regard to
whether or when counsel consulted with Appellant and what they discussed. This court cannot
assume a lack of diligent preparation. Sanders v. State, 715 S.W.2d 771, 774 (Tex. App.- Tyler 
1986, no pet.). As explained above, it was not error for counsel to fail to object to the affidavit of
probable cause and the arrest warrant. Therefore, the failure to object cannot be ineffective
assistance. Cooper v. State, 707 S.W.2d 686, 689 (Tex. App.- Houston [1st Dist.] 1986, pet. ref'd). 
Appellant has failed to show that his counsel's performance fell below the objective standard of
reasonableness. 

 Further, even if we agreed that trial counsel's performance was deficient, Appellant has failed
to make any showing that he was prejudiced as a result. Therefore, Appellant has failed to show that
there is a reasonable probability that the result of the proceeding would have been different but for
the alleged error made by counsel. Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Appellant has
failed to meet his burden of proving ineffective assistance of counsel. Jackson, 973 S.W.2d at 956. 
Accordingly, we overrule issues seventeen through twenty-three. 


Conclusion

 After considering Appellant's twenty-three issues, we determine that none have merit and
he has raised no error. We affirm the trial court's judgment.



 JAMES T. WORTHEN 

 Chief Justice



Opinion delivered October 22, 2003.

Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
























(DO NOT PUBLISH)