**UNITED STATES of America,**

v.

**Gerald FIELDS.**

**No. 2:01–CR–10(TJW).**

United States District Court,
E.D. Texas,
Marshall Division.

Jan. 2, 2002.

Reynaldo Padilla Morin, U.S. Attorney's Office, Lufkin, TX, for U.S.

Wayne Ray Dickey, Asst. Federal Public Defender, Tyler, TX, for Gerald Fields.

## MEMORANDUM OPINION AND ORDER

WARD, District Judge.

Before the Court is Defendant Gerald Fields's Motion to Suppress Evidence (# 13). Having considered the merits of the motion, the Government's response, and the applicable law, the Court GRANTS Defendant's Motion to Suppress Evidence.

### Background

On or before August 17, 2000, Officer David Gray of the Marshall Police Department applied for a warrant to search a house located at 3403 W. Grand. In support of his search warrant application, Officer Gray swore out an affidavit which read, in its entirety, as follows:

The State of Texas  Affidavit for Search
County of Harrison  Warrant

The undersigned Affiant, being a Peace Officer under the laws of Texas and being duly sworn, on oath makes the following statement and accusations:

1. THERE IS IN HARRISON COUNTY, TEXAS, SUSPECTED PLACE AND PREMISES DESCRIBED AND LOCATED AS FOLLOWS: A white wood frame residence with red trim, located at 3403 W. Grand approx. 5/10 of a mile west of the intersection of Loop 390 and W. Grand. The residence is pier and beam construction, with a gray composite roof. The said residence is physically located on the north side of W. Grand 5/10 of a mile west of Loop 390. Located in the front yard of said residence is a black and silver Chevrolet pickup.

2. THERE IS AT SAID SUSPECTED PLACE AND PREMISES CONCEALED AND KEPT IN VIOLATION OF THE LAWS OF TEXAS AND DESCRIBED AS FOLLOWS: Cocaine.

3. SAID SUSPECTED PLACE AND PREMISES ARE IN CHARGE OF AND CONTROLLED BY EACH OF THE FOLLOWING PERSONS: Gerald Fields DOB: 01–11–62 B/M, 6'2" 240, bald.

4. IT IS THE BELIEF OF AFFIANT, AND HE HEREBY CHARGES AND ACCUSES, THAT: A quantity of cocaine kept in violation of the Texas Controlled Substances Act.

5. AFFIANT HAS PROBABLE CAUSE FOR SAID BELIEF BY REASON OF THE FOLLOWING FACTS: That affiant is employed by the Marshall Police Dept. for three years and is currently assigned to the narcotics division. The affiant was advised by a confidential informant of a usable amount of cocaine concealed in the suspected place described above. The Confidential informant further advised that he/she had

been to the suspected place within the past 72 hours of the time that this warrant was issued and had personally observed that suspected party in possession of cocaine in the above suspected place.

That confidential informant has seen cocaine prior to this occasion and can recognized its general appearance.

That, affiant believes confidential informant to credible [sic] and reliable because said informant has furnished information on drug activity in the past and that information did prove true and correct.

WHEREFORE, AFFIANT ASKS FOR ISSUANCE OF A WARRANT THAT WILL AUTHORIZE HIM TO SEARCH SAID SUSPECTED PLACE AND PREMISES FOR SAID PROPERTY AND SEIZE THE SAME AND TO ARREST EACH SAID DESCRIBED AND ACCUSED PERSON.

No further evidence was submitted to support the warrant's issuance.

The magistrate issued and police executed the warrant on August 17, 2000, arresting Gerald Fields, and seizing a pistol, drugs, and cash. On August 7, 2001, Fields was indicted for violating 18 U.S.C § 922(g)(1) (Felon in Possession of a Firearm) and 21 U.S.C. § 841(a)(1) (Possession of a Controlled Substance with Intent to Distribute). Fields now moves to have the fruits of the search suppressed, alleging the warrant was not supported by probable cause. The Court agrees.

**Discussion**

■ This Court conducts a two-step analysis when assessing a motion to suppress evidence secured pursuant to a search warrant. *See United States v. Cisneros*, 112 F.3d 1272, 1278 (5th Cir. 1997). First, the Court must determine whether the good faith exception to the exclusionary rule applies. *Id.* If the good faith exception does apply, the motion to suppress should be denied. *United States v. Shugart*, 117 F.3d 838, 843 (5th Cir. 1997). Only if the good faith exception does not apply must the Court then "ensure that the magistrate had a substantial basis for concluding that probable cause existed." *Id.* (citing *Illinois v. Gates*, 462 U.S. 213, 238–39, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983)). Accordingly, the Court turns first to the good faith exception.

*1. The Good Faith Exception to the Exclusionary Rule*

■ In *United States v. Leon*, the Supreme Court established that "evidence obtained by officers in objectively reasonable good-faith reliance upon a search warrant is admissible, even though the affidavit on which the warrant was based was insufficient to establish probable cause." 468 U.S. 897, 922–23, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Thus, a police officer "may rely in good faith on the validity of a warrant so long as the warrant is supported by more than a 'bare bones affidavit'" *Cisneros*, 112 F.3d at 1278 (citing *United States v. Alix*, 86 F.3d 429, 435 (5th Cir.1996)). However, an officer may not obtain a warrant based on a bare bones affidavit "and then rely on colleagues who are ignorant of the circumstances under which the warrant was obtained to conduct the search," *Leon*, 468 U.S. at 922 n. 24, 104 S.Ct. 3405, or conduct the search himself based on his own bare bones affidavit. *United States v. Barrington*, 806 F.2d 529, 532 (5th Cir.1986).

■ An affidavit is "bare bones" if it is so deficient in demonstrating probable cause that it renders an officer's belief in the existence of probable cause completely unreasonable. *Cisneros*, 112 F.3d at 1278. Since *Leon*, the Fifth Circuit has identified a several "indicia of probable cause" which prevent an affidavit based upon informa-

tion from a confidential informant from being a bare bones affidavit. *Shugart*, 117 F.3d at 844. These indicia include: 1) whether the informant's statements are against his or her own penal interests, *United States v. McWaine*, 243 F.3d 871, 874 (5th Cir.2001); *United States v. McKeever*, 5 F.3d 863, 864 (5th Cir.1993), 2) whether the information has been corroborated by independent investigation or contemporary observations of police, *McWaine*, 243 F.3d at 874; *United States v. Pena–Rodriguez*, 110 F.3d 1120, 1130–31 (1997), 3) the degree of detail of the information provided by the informant, *Cisneros*, 112 F.3d at 1278–79, and 4) whether the informant's reliability is corroborated by something other than unsupported conclusions of the affiant. *See Barrington*, 806 F.2d at 531; *accord United States v. Reddrick*, 90 F.3d 1276, 1280 (7th Cir.1996)(explaining that an officer's statement in an affidavit that the informant provided reliable information in the past, without more, is an unsupported conclusion which does not demonstrate probable cause).

█ The affidavit in this case, sworn out and submitted by Officer Gray in support of his warrant application, bears none of these indicia of probable cause. First, the information provided by the informant to Officer Gray was not against the informant's penal interests. The informant advised Officer Gray that he or she had only "observed" cocaine in Defendant's possession at the described residence within the past 72 hours. The affidavit does not state that the informant was involved in any type of criminal conduct.

Second, there is nothing in Officer Gray's affidavit corroborating the informant's tip. Officer Gray does not state that he has performed an independent investigation, that he has also observed narcotics activities on the premises to be searched, or that the informant's informa-

tion is consistent in any way with other information he has received from other sources. All the affidavit contains is an uncorroborated statement by an unidentified informant.

Third, the information provided by the informant is general and nondescript. The affidavit only provides that the informant has observed "a usable amount of cocaine" at the suspected place, which is a house at a given street address. The affidavit does not go on to state whether the cocaine the informant observed was powder or crack cocaine, whether the "usable amount" was a little or a lot of the drug, whether the drugs were concealed on Defendant's person or somewhere in the residence, and, if in the residence, where.

Finally, there is nothing in the affidavit to corroborate the informant's reliability other than the unsupported conclusions of Officer Gray. The affidavit merely states that Officer Gray believes the confidential informant to be credible and reliable because the informant has provided drug information in the past which proved true. In *Barrington*, the Fifth Circuit addressed an affidavit almost identical to this one which stated that the affiant "received information from a confidential informant" who is "known to [affiant] and has provided information in the past that has led to arrest and convictions." The court summarily condemned that affidavit as bare bones stating that "[s]ufficient information must be presented to the magistrate to allow that official to determine probable cause; his actions cannot be a mere ratification of the bare conclusions of others." *Barrington*, 806 F.2d at 531 (quoting *Illinois v. Gates*, 462 U.S. at 239, 103 S.Ct. 2317). This affidavit shall share a similar fate.

Accordingly, because the scant recitations in the affidavit currently before the Court bear none of the indicia of probable

cause identified by the Fifth Circuit since *Leon,* it is a bear bones affidavit, and the attesting officer could not have relied in good faith on the validity of the warrant it secured. *See Barrington,* 806 F.2d at 532 (reaching a similar holding under similar facts). Consequently, the good faith exception of *Leon* does not apply in this case.

*2. The Existence of Probable Cause*

 Having found the good faith exception inapplicable, the Court must now determine whether there was a substantial basis for the probable cause determination by the issuing judge. The Court concludes there was not.

In *Illinois v. Gates,* the Supreme Court held that whether there was probable cause to support issuance of a warrant is to be judged by the totality of the circumstances, paying great deference to the issuing magistrate's determination of probable cause. 462 U.S. at 230–38, 103 S.Ct. 2317. Probable cause is "a practical, commonsense decision whether, given all the circumstances set forth in the affidavit ..., there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id.* at 238.

As discussed above, the affidavit at issue contains the declarations of Officer Gray as to information provided to him by a confidential informant. The informant's statement to Officer Gray was simply that he or she had observed a "usable amount of cocaine" in Defendant's possession in a particular house within the past three days. No other corroborating information is provided by the affidavit other than Officer Gray's bare conclusion that he believes the informant to be reliable. Generalized, uncorroborated statements of an unidentified informant, like this, are insufficient to establish probable cause, even according great deference to the issuing magistrate's determination. *See Gates,* 462 U.S. at 239, 103 S.Ct. 2317

(citing *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964)). Furthermore, suppressing evidence in this case properly effectuates the purpose of the exclusionary rule of deterring unlawful police conduct, as here the law enforcement officer may properly be charged with knowledge that this search was unconstitutional under the Fourth Amendment. *See United States v. Peltier,* 422 U.S. 531, 542, 95 S.Ct. 2313, 45 L.Ed.2d 374 (1975).

Accordingly, the Court GRANTS Defendant's Motion to Suppress and SUPPRESSES all items seized or statements obtained pursuant to the warrant herein described.