Tony Roy ELARDO, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–04–00060–CR.

Court of Appeals of Texas, Texarkana.

Submitted Feb. 1, 2005.

Decided March 17, 2005.

Opinion Overruling Rehearing April 27, 2005.

Tim Cone, Gilmer, for Appellant.

Mike Fetter, Dist. Atty., Timothy J. Cariker, Asst. Dist. Atty., Gilmer, for State.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice ROSS.

Tony Roy Elardo appeals his conviction by jury trial for thirty-two counts of possession of child pornography. The sentence was enhanced to a second degree felony due to a prior felony conviction, and the jury assessed punishment at twenty years' imprisonment. Elardo argues the trial court erred in denying the motion to suppress because 1) there was insufficient probable cause, and 2) the magistrate lacked authority to issue the warrant. We reverse the judgment of the trial court because the issuing magistrate did not have a substantial basis to determine that probable cause existed.

### Factual Background

Michelle Dean, the daughter-in-law of Elardo's wife, went to Elardo's home to

retrieve a television set owned by his wife. While in the house, Dean observed Elardo viewing child pornography on his computer. Dean reported this observation to the police. Based on the information provided by Dean, an investigator with the Gilmer Police Department obtained a search warrant. The search warrant provided that a "reliable source" had observed Elardo viewing child pornography in his home. Although Dean testified at the suppression hearing, the warrant did not name Dean except as a "reliable source," nor did the warrant provide any facts as to why the source was reliable other than the bare-bones conclusion that the source was reliable. After the magistrate issued the warrant, the police searched Elardo's residence pursuant to the warrant and seized floppy disks, CDs, and four computers, that contained over 6,000 images of alleged child pornography. Elardo was indicted on forty-five counts of child pornography. He filed a motion to suppress, which the trial court denied after a hearing.

### Discussion

We first address whether the magistrate who issued the search warrant had a substantial basis to determine that probable cause existed. While the affidavit in support of the warrant did contain facts indicating that the information may have been obtained in a reliable manner by the informant, the warrant did not contain any facts concerning why the information was reliable or any other indicia of reliability. Under the totality of the circumstances, the affidavit was not sufficient to constitute a substantial basis for determining that probable cause existed. We then address whether the magistrate lacked authority to issue the warrant. We conclude the magistrate did have authority to issue the warrant in question.

### The Trial Court Erred in Denying the Motion To Suppress

Elardo argues in his first point of error that the trial court erred in denying his motion to suppress because the warrant did not contain sufficient facts to provide a substantial basis to determine that probable cause existed. Specifically, Elardo asserts the warrant contains no evidence of the "reliable source's" reliability. In addition, Elardo argues that the phrase "visual material" does not indicate what nature of visual material was observed. The State contends the warrant was sufficient because the anonymous informant was a private citizen.

We review the trial court's decision on a motion to suppress evidence by applying a bifurcated standard of review deferring to the trial court's determination of historical facts that depend on credibility, but reviewing de novo the trial court's application of the law. *Burke v. State*, 27 S.W.3d 651, 654 (Tex.App.-Waco 2000, pet. ref'd). We review de novo those questions not turning on credibility and demeanor. *Villarreal v. State*, 935 S.W.2d 134, 138 (Tex.Crim.App.1996). Because probable cause to support the issuance of the warrant is determined from the "four corners" of the affidavit alone, there are no credibility choices to be made by the trial court in examining the sufficiency of an affidavit to establish probable cause. *Burke*, 27 S.W.3d at 654. Thus, we review de novo the court's ruling on the motion to suppress. *Id.* We will affirm the trial court's ruling if the ruling is reasonably supported by the record and is correct on any theory of law applicable to the case. *Roberts v. State*, 963 S.W.2d 894, 903 (Tex.App.-Texarkana 1998, no pet.).

As an exception to the general

rule articulated in *Guzman*,[1] the issuing magistrate's decision to grant the search warrant should be reviewed with a deferential standard of review. *Swearingen*, 143 S.W.3d at 811. Great deference should be given to a magistrate's determination of probable cause, and warrants should not thereafter be invalidated through a "hypertechnical" interpretation of their supporting affidavits. *Illinois v. Gates*, 462 U.S. 213, 236, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Our determination of the sufficiency of an arrest or search warrant is limited to the four corners of the affidavit. *Oubre v. State*, 542 S.W.2d 875, 877 (Tex.Crim.App.1976); *Burke*, 27 S.W.3d at 654. Granting great deference to the issuing magistrate's determination, we will sustain the issuance of the warrant if the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing. *Gates*, 462 U.S. at 236, 103 S.Ct. 2317; *see Swearingen*, 143 S.W.3d at 811. "If in a particular case it may not be easy to determine whether an affidavit demonstrates the existence of probable cause, the resolution of such doubtful or marginal cases should be largely determined by the preference to be accorded warrants." *State v. Walker*, 140 S.W.3d 761, 765 (Tex.App.-Houston [14th Dist.] 2004, no pet.). We interpret affidavits for arrest or search warrants in a common-sense and realistic manner. *Gibbs v. State*, 819 S.W.2d 821, 830 (Tex.Crim. App.1991). The magistrate who reviews an affidavit may draw inferences from the facts contained in it. *Id.*

◼ The Fourth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution guarantee the right of the people to be secure against unreasonable searches of their persons, houses, papers, and effects. U.S. Const. amend. IV; Tex. Const. art. I, § 9. Because of the potential unreliability of statements given by anonymous informants, the United States Supreme Court developed the *Aguilar–Spinelli* analysis, which required a two-pronged test: 1) the informant obtained the relevant information in a reliable manner, and 2) the informant was reliable.[2] In response to "hypertechnical" interpretations of the *Aguilar–Spinelli* analysis, the United States Supreme Court subsequently relaxed the rigid standards in the *Aguilar–Spinelli* analysis to allow consideration of the totality of the circumstances. *See Gates*, 462 U.S. at 230, 103 S.Ct. 2317. Because the focus of inquiry is whether the statements are sufficiently

---

1. Under the general rule, the appellate court reviews de novo determinations of reasonable suspicion and probable cause after granting deference to the trial court's determination of historical facts. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex.Crim.App.1997); *see Ornelas v. United States*, 517 U.S. 690, 697, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996). The exception to the general rule is based on the Fourth Amendment's "strong preference for searches conducted pursuant to a warrant and the need for an incentive to encourage police to use the warrant process." *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex.Crim.App. 2004).

2. *See Aguilar v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), *overruled, Gates*, 462 U.S. at 230, 103 S.Ct. 2317; *see also Spinelli v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969), *overruled, Gates*, 462 U.S. at 230, 103 S.Ct. 2317. Under the *Aguilar–Spinelli* test, the entire warrant was invalidated if either prong was found to be insufficient. *Ware v. State*, 724 S.W.2d 38, 40 (Tex.Crim.App.1986); *see Stoddard v. State*, 475 S.W.2d 744 (Tex.Crim.App.1972). *Gates* "did not dispense with the two requirements used in the *Aguilar–Spinelli* test. Rather, the Supreme Court simply held that the prongs should not be applied too rigorously, and the entire affidavit should be examined to determine whether, as a whole, probable cause is established." *Ware*, 724 S.W.2d at 40 n. 2.

reliable for a finding of probable cause, a deficiency in one of the two factors of reliability of the informant may not be fatal if the totality of the circumstances indicates reliability. *Id.* However, the totality of the circumstances includes the "veracity," "reliability," and the basis of knowledge of the informant and the informant's information.[3] "[A]n informant's 'veracity,' 'reliability,' and 'basis of knowledge' are all highly relevant in determining the value of his report." *Id.*

The warrant in this case provides no facts on which the magistrate could conclude that the "reliable source" is reliable, nor does the warrant contain any corroboration of the informant's information or other indicia of reliability. The warrant only contains the conclusory and barebones assertion that the source is reliable. The probable cause portion of the warrant provides in its entirety:

> AFFIANT HAS PROBABLE CAUSE FOR THE SAID BELIEF BY REASON TO [sic] THE FOLLOWING FACTS, TO WIT:
>
> A RELIABLE SOURCE PROVIDED AFFIANT WITH INFORMATION THAT HE/SHE HAS BEEN IN THE RESIDENCE DESCRIBED ABOVE WITHIN LAST 12 HOURS AND HAS SEEN THE VISUAL MATERIAL ON A COMPUTER IN THE ABOVE DESCRIBED RESIDENCE. THE RELIABLE SOURCE ALSO WITNESSED THE PARTY NAMED ABOVE, VIEWING THE VISUAL MATERIAL AT THAT TIME. THE RELIABLE SOURCE ADVISED THAT HE/SHE HAS KNOWN THE ABOVE PARTY FOR A NUMBER OF YEARS AND HAS BEEN TOLD ON SEVERAL OCCASIONS THAT THE PARTY ABOVE KEEPS THIS TYPE OF VISUAL MATERIAL IN THE RESIDENCE.

While the police officer had other information which, if it had been included, may have been sufficient, our review is confined to the four corners of the affidavit.

Although we recognize that our review under the totality of the circumstances test must be evaluated on a case-by-case basis, we find guidance in the relevant federal and state caselaw. Elardo cites three Texas cases—*Lowery v. State*, 98 S.W.3d 398 (Tex.App.-Amarillo 2003, no pet.), *State v. Ozuna*, 88 S.W.3d 307 (Tex.App.-San Antonio 2002, pet. ref'd), and *Barraza v. State*, 900 S.W.2d 840 (Tex.App.-Corpus Christi 1995, no pet.)—in support of his proposition that the warrant contains insufficient facts to form a substantial basis to determine that probable cause existed.

In *Lowery*, the Amarillo Court of Appeals reversed the trial court's denial of a motion to suppress. The informant had informed the police "that methamphetamine was cooked within the previous 24 hours at some unmentioned place by Golden and someone else, Golden was later found intoxicated, Golden was previously at some unmentioned location where drug paraphernalia was seized at some time or another, and appellant was previously arrested for possessing a controlled substance." 98 S.W.3d at 401. The informant also described the manufacturing process of methamphetamine. *Id.* The court spe-

---

**3.** *Id.* In a plurality decision, the Texas Court of Criminal Appeals adopted the reasoning of *Gates* as the proper standard of review under the Texas Constitution as well. *Bower v. State*, 769 S.W.2d 887, 904 (Tex.Crim.App. 1989), *overruled on other grounds, Heitman v. State*, 815 S.W.2d 681, 685 (Tex.Crim.App. 1991) (indicating court was not "willing to march lock-step with federal court interpretations of constitutional rights" as to state constitutional law); *see Hall v. State*, 795 S.W.2d 195, 197 (Tex.Crim.App.1990); *see also Martin v. State*, 67 S.W.3d 340, 344 (Tex.App.-Texarkana 2001, pet. ref'd).

cifically noted that the affidavit did not include whether methamphetamine or any paraphernalia related to the manufacture of methamphetamine would be present and concluded the warrant contained too many gaps "to be filled with guess, hope, and surmise." *Id.* at 402.

In *Barraza*, the Corpus Christi Court of Appeals held that the phrase "reliable and credible confidential informant" was a mere conclusory statement. 900 S.W.2d at 842. The court reversed the trial court's denial of the motion to suppress since there was no evidence of reliability, no indication how the informant knew the contraband was at the said location, or any corroboration. *Id.* at 843.

In *Ozuna*, the San Antonio Court of Appeals affirmed the trial court's granting of the defendant's motion to suppress. 88 S.W.3d at 313. While a named informant said Ozuna was a heroin supplier and would trade stolen items for drugs, the court held the probable cause was insufficient since the affidavit contained no evidence connecting the heroin to the premises. *Id.* In addition, the court noted that the affidavit presented no evidence the informants had been used in the past and proven to be reliable. *Id.*

■ These cases, while providing some support for Elardo's position, are distinguishable. Nonetheless, we agree that a substantial basis did not exist in the in-

stant case for the issuing magistrate to determine that probable cause existed. The facts alleged in support of probable cause amount to nothing more than the uncorroborated hearsay statements of some unnamed person of unknown reliability. Under the totality of the circumstances, the strong nature of the basis of knowledge factor, i.e., personal observation, is not sufficient to compensate for the complete lack of the veracity factor or other indicia of reliability. While "a deficiency in one [prong] may be compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability," the warrant must contain "sufficient information" to allow the issuing magistrate to determine probable cause because the magistrate's action "cannot be a mere ratification of the bare conclusions of others." *Gates,* 462 U.S. at 232, 238–39, 103 S.Ct. 2317.

■ The conclusory phrase "reliable source" is clearly insufficient to establish the informant's reliability.[4] This statement is nothing more than the bare-bones conclusion of the affiant. In general, a mere anonymous tip, standing alone, will not establish probable cause. *State v. Steelman,* 93 S.W.3d 102, 108 (Tex.Crim. App.2002). The police can provide other indicia of reliability by independent corroboration of the informant's information.[5]

4. *See Barraza,* 900 S.W.2d at 842. The Supreme Court has specifically prohibited use of bare-bones affidavits and has stated that the issuing magistrate cannot rely on the wholly conclusory statements of the affiant. *Gates,* 462 U.S. at 239, 103 S.Ct. 2317. In *Eatmon v. State,* the Fourteenth Court of Appeals found a warrant to be insufficient under the totality of the circumstances test enunciated in *Gates* when it contained only the bare assertion that the informant was "reliable, trustworthy and credible." 738 S.W.2d 723, 724 (Tex.App.-Houston [14th Dist.] 1987, pet.

ref'd). Similar to our situation, the warrant contained no facts indicating that any of the informant's tip was corroborated by independent police work. *Id.* We note that *Eatmon* does not indicate what the affidavit alleged concerning the informant's basis of knowledge. *See id.*

5. *See Gates,* 462 U.S. at 236, 103 S.Ct. 2317; *Cassias v. State,* 719 S.W.2d 585, 590 (Tex. Crim.App.1986). "Corroboration by the police officer means that, in light of the circumstances, the officer confirms enough facts to reasonably conclude that the information pro-

However, corroboration of only innocent details is usually insufficient.[6] In this case, the affidavit contains no alleged facts that serve to corroborate the informant's information.[7] The affidavit did not allege the police had obtained correct information from this informant in the past.[8] The issuing magistrate was presented with no facts from which he could have concluded that the informant or the informant's story was reliable.

While the affiant may have had sufficient information in his possession to constitute probable cause, the warrant presented to the magistrate did not contain sufficient facts to constitute probable

cause. The strong showing of the basis of knowledge factor, i.e., personal observation, is not sufficient to compensate for the complete lack of the veracity factor or other indicia of reliability under the totality of the circumstances of this case.[9]

■ The State argues the magistrate had a substantial basis to determine there was probable cause because the source of the information was a private citizen whose only contact with the police was to witness the crime. The State introduced evidence at the suppression hearing that the source was a private citizen whose only contact with the police was to report the crime in question.[10] Courts have held that informa-

---

vided is reliable and a detention is justified." *Jones v. State*, 949 S.W.2d 509, 515 (Tex.App.-Fort Worth 1997, no pet.).

6. In *Davis v. State*, the Fort Worth Court of Appeals held that the trial court erred in denying the motion to suppress when the anonymous informant had never provided information to the police, the affidavit contained no facts concerning the informant's reliability, and the police only independently corroborated "innocent" details of the informant's information. 144 S.W.3d 192, 199–200 (Tex.App.-Fort Worth 2004, no pet.); *see Parish v. State*, 939 S.W.2d 201, 204 (Tex.App.-Austin 1997, no pet.); *Correll v. State*, 696 S.W.2d 297, 299 (Tex.App.-Fort Worth 1985, pet. ref'd).

7. The officer testified at the suppression hearing there was no attempt to corroborate the information provided by Dean before obtaining the search warrant.

8. Recently in *Rider* and *Eldridge*, this Court, granting great deference to the issuing magistrate, held that the issuing magistrate had a substantial basis for concluding probable cause existed when the informant had provided information concerning "criminal activity in the past which has proven to be correct" and had personally observed the contraband. *Eldridge v. State*, No. 06–02–00189–CR, 2003 WL 22435212, at * 9, 2003 Tex.App. LEXIS 9127, at *28 (Tex.App.-Texarkana Oct.27, 2003, pet. ref'd) (not designated for publication); *Rider v. State*, No. 06–02–00196–CR,

2003 WL 22682077, at *5–6, 2003 Tex.App. LEXIS 8957, at *17–18 (Tex.App.-Texarkana Oct. 22, 2003, no pet.) (not designated for publication). Here, the officer testified that he had never met Dean before she made the report and that he had no information regarding her reputation for being reliable or truthful.

9. Several federal courts have found warrants insufficient when the basis of knowledge was the personal observation of the anonymous informant. *See United States v. Wilhelm*, 80 F.3d 116, 120 (4th Cir.1996); *United States v. Leake*, 998 F.2d 1359, 1365 (6th Cir.1993); *United States v. Mendonsa*, 989 F.2d 366, 369 (9th Cir.1993); *United States v. Gibson*, 928 F.2d 250, 253 (8th Cir.1991); *United States v. Fields*, 182 F.Supp.2d 575, 579–80 (E.D.Tex. 2002).

10. The evidence introduced at the suppression hearing provides several methods by which the warrant could have been sufficient. However, the law requires that the affidavit in support of the warrant be sufficient to constitute probable cause. The fact that the police officer had knowledge sufficient to constitute probable cause does not make a warrant with insufficient probable cause valid. "While we must apply the totality of the circumstances standard in testing the sufficiency of the affidavit, this application only goes to the circumstances included in the affidavit." *Barraza*, 900 S.W.2d at 843. Testimony during the pretrial hearing on the motion to suppress

tion provided by private citizens whose only contact with the police was to witness the crime is presumed to be reliable. *Marquez v. State*, 725 S.W.2d 217, 233 (Tex.Crim.App.1987), *overruled on other grounds, Moody v. State*, 827 S.W.2d 875, 892 (Tex.Crim.App.1992); *Morris v. State*, 62 S.W.3d 817, 824 (Tex.App.-Waco 2001, no pet.); *see also State v. Wester*, 109 S.W.3d 824, 826–27 (Tex.App.-Dallas 2003, no pet.) (person under investigation by police not presumed reliable). The Supreme Court has suggested that "if an unquestionably honest citizen comes forward with a report of criminal activity— which if fabricated would subject him to criminal liability—we have found rigorous scrutiny of the basis of his knowledge unnecessary." *Gates*, 462 U.S. at 233–34, 103 S.Ct. 2317. If the affidavit had alleged that the reliable source was reliable because she was a private citizen whose only contact with the police was to witness the crime, the State's argument may be correct.

■ The State's argument fails, though, because the affidavit failed to mention that the reliable source was a private citizen whose only contact with the police was to witness the crime. A substantial basis for the magistrate's determination of probable cause must be contained within the four corners of the probable cause affidavit.[11] Because the magistrate is confined to the four corners of the affidavit in determining probable cause, the state cannot supplement the probable cause affida-

vit with additional information not contained in the affidavit. Testimony at a hearing on a motion to suppress cannot be used to remedy defects in a warrant. *Barraza*, 900 S.W.2d at 843. Such testimony was not before the magistrate when he issued the warrant. Therefore, the presumption of reliability inherent in a report from a private person without prior contact with the police does not apply in this case.

Elardo's remaining argument is that the phrase "visual material" in the probable cause portion of the affidavit does not reference any other portion of the affidavit regarding what type of visual material was observed. Elardo argues that the issuing magistrate is "left to simply wonder or guess what the nature of the visual material might include." The issuing magistrate may draw reasonable inferences from the facts contained in the affidavit. *Gibbs*, 819 S.W.2d at 830. The magistrate was entitled to reasonably infer that the visual material observed was child pornography.

Even after granting great deference to the issuing magistrate's determination, we are unable to conclude that a substantial basis existed for the magistrate to conclude that probable cause existed. A substantial basis for determining probable cause cannot be based solely on the uncorroborated hearsay statements of an unidentified person of unknown reliability. Under the "totality of the circumstances," the brevity of the probable cause section of the affidavit, the complete lack of any in-

---

should not be considered in determining if the magistrate had a substantial basis for determining that probable cause existed. *Id.*

**11.** The magistrate is confined to the four corners of the affidavit in determining whether "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Gates*, 462 U.S. at 238, 103 S.Ct. 2317; *see Massey v. State*, 933 S.W.2d 141,

148 (Tex.Crim.App.1996); *Burke*, 27 S.W.3d at 654. We note that the affidavit in *Morris* did not specify that the only contact Graham, the informant, had with the police was that he had witnessed the crime in question. However, the affidavit referred to Graham by name, indicated that Graham was a private citizen, and explained that the information was obtained from Graham's employer. *Morris*, 62 S.W.3d at 824.

formation related to the veracity of the informant, and the complete absence of corroboration or other indicia of reliability prevent the warrant from having a substantial basis on which the issuing magistrate could have determined that probable cause existed.

### The Magistrate Did Have Authority To Issue the Search Warrant

■■ In his second point of error, Elardo argues that the issuing magistrate lacked authority to issue the search warrant. The search warrant in this case was issued by a justice of the peace in Upshur County. The record before us indicates the issuing magistrate is not an attorney. Because the issuing magistrate was not an attorney, Elardo contends the magistrate did not have authority under Article 18.02(d) of the Texas Code of Criminal Procedure.

The issuance of a search warrant is governed by Articles 18.01 and 18.02 of the Texas Code of Criminal Procedure. *See* TEX.CODE CRIM. PROC. ANN. arts. 18.01, 1802 (Vernon Supp.2004–2005). Article 18.01(c) provides in pertinent part:

> Except as provided by Subsections (d) and (i) of this article, only a judge of a municipal court of record or county court who is an attorney licensed by the State of Texas, statutory county court, district court, the Court of Criminal Appeals, or the Supreme Court may issue

warrants pursuant to Subdivision (10), Article 18.02 of this code.

TEX.CODE CRIM. PROC. ANN. art. 18.01(c).[12] Subdivision (10) of Article 18.02 states a warrant may be issued to search for and seize "property or items, except the personal writings by the accused, constituting evidence of an offense or constituting evidence tending to show that a particular person committed an offense." TEX.CODE CRIM. PROC. ANN. art. 18.02(10). The question before this Court is whether the warrant was an evidentiary warrant under Article 18.02(10).

Although the State argued during the pretrial hearing that the search warrant was issued under Article 18.02(6), we must affirm the decision of the trial court if it is correct under any theory of law.[13] On appeal, the State argues that the search warrant was issued under Article 18.02(8) which allows searches for "any property the possession of which is prohibited by law." TEX.CODE CRIM. PROC. ANN. art. 18.02(8). Possession of child pornography is prohibited by law. TEX. PEN.CODE ANN. § 43.26 (Vernon 2003). However, Elardo contends that, because the police seized items that were not prohibited by law, i.e., the computers and disks, the warrant was an evidentiary warrant under Article 18.02(10).

The Corpus Christi Court of Appeals addressed a similar argument in *Mason v.*

---

**12.** Article 18.01(i) states an exception that allows any magistrate to issue a warrant under subdivision (10) for counties in which the only judges who are licensed attorneys are district judges whose districts include more than one county. *See* TEX.CODE CRIM. PROC. ANN. art. 18.01(i). The record indicates that the statutory county judge in Upshur County is a licensed attorney. Subsection (d) of Article 18.01 requires the issuance of a subsequent search warrant to be made by "a judge of a district court, a court of appeals, the court of criminal appeals, or the supreme

court." TEX.CODE CRIM. PROC. ANN. art. 18.01(d). The record does not indicate that Elardo's residence had been previously searched.

**13.** *Roberts,* 963 S.W.2d at 903. Article 18.02(6) concerns obscene materials kept or prepared for commercial distribution. *See* TEX.CODE CRIM. PROC. ANN. art. 18.02(6). There is no evidence the digital images were kept or prepared for commercial distribution or exhibition.

*State*, 838 S.W.2d 657 (Tex.App.-Corpus Christi 1992, pet. ref'd). The defendant in *Mason* argued that a warrant which authorized the seizure of a package containing narcotics was an evidentiary warrant since it authorized the seizure of a box. *Id.* at 659. The Corpus Christi Court of Appeals rejected the argument and held the warrant was issued pursuant to Article 18.02(7), which authorizes the issuance of search warrants for controlled substances. *Id.* at 660; *see* TEX.CODE CRIM. PROC. ANN. art. 18.02(7). While the possession of computers, floppy disks, and CDs are not prohibited by law, the items stored therein are. Since the images were digital, the police seized the computers, disks, and CDs on which the images were stored. Because the object of the warrant was property that was prohibited by law, the warrant was issued under Article 18.02(8). We overrule Elardo's second point of error.

## Conclusion

Although the magistrate had authority to issue the search warrant in question, the issuing magistrate did not have a substantial basis to conclude probable cause existed for the search. Even though the affidavit in support of the warrant alleged sufficient facts for the issuing magistrate to conclude that the informant's basis of knowledge was reliable, the affidavit contained no facts that would allow the magistrate to conclude the information or the informant was reliable. In addition, the affidavit included no facts corroborating the informant's story or other indicia of reliability. Giving great deference to the issuing magistrate's determination, insufficient facts were alleged to give the issuing magistrate a substantial basis to determine probable cause existed to justify the search under the totality of the circumstances.

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

## OPINION ON REHEARING

■ The State has filed a motion for rehearing in which it contends this Court concluded that the affidavit supporting the search warrant contained an anonymous tip. According to the State, the magistrate could infer from the affidavit that it was based on more than a mere anonymous tip. Because the probable cause section of the affidavit states that "[t]he reliable source advised that he/she has known the above party for a number of years . . . .," the State asserts the magistrate could reasonably infer that the "reliable source" was a family member or friend, not an anonymous source.

■ Even if the issuing magistrate could reasonably infer that the source was a family member or friend based on such source having "known [Elardo] for a number of years," there are insufficient facts for the private citizen exception to apply. Assuming the issuing magistrate could have reasonably inferred that the source was a family member or friend, the source could still have been anonymous. The affidavit does not allege how the source asserted he or she had known "the above party." An anonymous informant could have asserted that he or she had known the suspect for a number of years without revealing the informant's identity to the officer. An anonymous report, even if made by a private citizen, is not sufficient to satisfy the private citizen exception.[14]

---

**14.** This Court is aware that the tip was not actually an anonymous tip. As we stated in our original opinion, "the police officer had knowledge sufficient to constitute probable cause." However, the affidavit in support of the search warrant failed to include sufficient

The mere fact that the information came from a private citizen is not sufficient. Without the identity of the source or more facts concerning the source, the issuing magistrate could not determine whether the source had prior contact with the police or whether the source could be prosecuted for making a fabricated report. *See State v. Wester,* 109 S.W.3d 824, 826–27 (Tex.App.-Dallas 2003, no pet.); *see also Illinois v. Gates,* 462 U.S. 213, 233–34, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). The statement does not reveal sufficient facts concerning the source for the private citizen exception to apply. Even assuming the issuing magistrate could reasonably infer the source was a family member or friend, the private citizen exception does not apply.

In its motion, the State cites *Johnson v. State,* 803 S.W.2d 272 (Tex.Crim.App. 1990), in support of its argument.[15] We believe *Johnson* is distinguishable. The affidavit in *Johnson* contained a total of ten alleged facts giving rise to probable cause. *Id.* at 288. Many of the facts the issuing magistrate could reasonably infer were obtained by police officers in the course of their investigation. These allegations included that fingerprints found at the scene matched the suspect's fingerprints. *Id.* The affidavit contained several sources and other indicia of reliability supporting a finding of probable cause under the totality of the circumstances. In our case, the sole alleged source was the uncorroborated statement of an unknown source of unknown reliability.

Because there is no evidence concerning whether the source had prior contact with

---

information. When the probable cause affidavit fails to identify a source in any way, the source is roughly equivalent to an anonymous source.

**15.** *Johnson* was overruled by *Heitman v. State,* 815 S.W.2d 681, 690 (Tex.Crim.App.

the police or whether the source could be held liable for fabrication of the report, the private citizen exception does not apply even if the issuing magistrate could have reasonably inferred that the source was a family member or friend. Because the affidavit contains insufficient statements concerning the reliability of the source or other indicia of reliability, the issuing magistrate did not have a substantial basis to conclude probable cause existed.

We overrule the State's motion for rehearing.

1991), to the extent it conflicted with *Heitman's* holding that the Texas courts would not be bound by United States Supreme Court decisions concerning the search and seizure arguments based on the Texas Constitution.