Opinion filed August 31, 2006















 
 
  
 
 







 
 
  
 
 




Opinion filed August 31, 2006

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh Court of Appeals

                                                                   __________

 

                                                          No. 11-05-00146-CR 

 

                                                    __________

 

                                JARROD EARL JOHNSON, Appellant

 

                                                             V.

 

                                        STATE
OF TEXAS,
Appellee

 



 

                                        On
Appeal from the 142nd District Court

 

                                                        Midland County, Texas

 

                                                 Trial
Court Cause No. CR29992

 



 

                                                                   O
P I N I O N

 








Jarrod Earl Johnson appeals his conviction by the
court of the offense of possession of a controlled substance, cocaine, in an
amount of less than one gram.  The court
assessed his punishment at confinement for two years in the Texas Department of
Criminal Justice, State Jail Division, suspended on community supervision for
five years; a fine of $500; confinement in a court residential treatment
facility for an indeterminate term not to exceed twenty-four months and
confinement in jail as a condition of community supervision for ten days; and
an additional seventy-five days in jail or until Johnson was transferred to a
court residential treatment facility, whichever occurs first.  Additionally, the trial court suspended
Johnson=s driver=s license for a period of 180
days.  Johnson contends in four points on
appeal that the trial court erred by overruling his motion to suppress evidence
of the cocaine police officers found in his apartment.  We affirm.

Johnson has contended in all four of his points on
appeal that the trial court erred by overruling his motion to suppress evidence
of the cocaine police officers found in his apartment.  We review a trial court=s ruling on a motion to suppress
evidence for an abuse of discretion.  Balentine
v. State, 71 S.W.3d 763, 768 (Tex.
Crim. App. 2002).  We apply a bifurcated
standard of review, giving almost total deference to a trial court=s determination of historical facts and
reviewing de novo the court=s
application of the law of search and seizure. 
Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000).  We also review the trial court=s determination of facts de novo if
mixed questions of law and fact do not turn on a witness=s
credibility.  The burden of proof is
initially on a defendant who seeks to suppress evidence on the basis of a
Fourth Amendment violation.  Russell
v. State, 717 S.W.2d 7, 9 (Tex. Crim. App. 1986).  Once a defendant produces evidence that
defeats the presumption of proper police conduct, the burden shifts to the
State.  Id.  A defendant meets this burden by
establishing that a search or seizure occurred without a warrant.  Id.  Therefore, once a defendant has
established that a search or seizure occurred and that no warrant was obtained,
the burden of proof shifts to the State. 
Id.  If the State produces evidence of a
warrant, the burden of proof is shifted back to the defendant to show the
invalidity of the warrant.  Id. at
10.     At
the hearing on Johnson=s
motion to suppress, Officer Geovarsy Mitchell of the Midland Police Department
testified that, on the evening of May 12, 2004, he went to the Metro Inn and
contacted Tracie Wagaman, a suspect in a theft at another motel.  He stated that during their conversation
Wagaman indicated that someone named Jay, whom Officer Mitchell knew to be
Johnson, was her source for obtaining crack cocaine.  Officer Mitchell suggested that Johnson was
part of a small narcotics ring operating at the Renaissance Apartments.

Wagaman, agreeing to attempt to obtain cocaine
from the Renaissance group, placed a phone call that was answered by a female
named Felicia.  Wagaman agreed to meet
the female at a 7-Eleven to purchase $200 worth of cocaine.  The female was to be in a green car belonging
to a third person.  Mitchell related that
he sought assistance from other officers after the meeting had been
arranged.  








Officer Mitchell testified that, after he saw
Johnson and a female arrive in a green car, he motioned to the female to come
to him.  He said Johnson and the female
denied being together.  Officer Mitchell
identified the female as Sabrina Kalinoski, who had a cousin named
Felicia.  No cocaine was found on either
Johnson or Kalinoski, nor was any found in the green car or the 7-Eleven.

Officer Mitchell related that Kalinoski told him
that she had recently seen a stash of cocaine in Johnson=s
apartment, offering to take him back there. 
He said that, after they arrived at Johnson=s
apartment, Kalinoski started kicking and knocking on the door, saying, AShe=s
flushing the dope.  If you don=t open the door, the dope=s gonna go.@  Officer Mitchell testified that, after
obtaining a key to the apartment by a pat-down search of Johnson, he entered
the apartment for the limited purpose of securing the residence.  He acknowledged that, after Kalinoski told
him the dope was in the cabinet, he opened it and saw three crack rocks.  He stated that at that point they closed the
residence and sought a search warrant. 
The affidavit supporting the warrant was admitted into evidence.  Officer Bill Anderson of the Midland Police
Department testified that he found and seized the cocaine in Johnson=s apartment pursuant to the search
warrant.

In Johnson=s
four points of error, he complains that the trial court erred by overruling his
motion to suppress because of the following various acts by police prior to
obtaining the search warrant:  (1)
obtaining Johnson=s
apartment key from his pocket without a search warrant; (2) entering his
apartment without probable cause and exigent circumstances; (3) creating any
exigent circumstances prior to entering his apartment without a warrant; and
(4) opening his cabinet during the warrantless search of his apartment, thereby
exceeding the scope of the protective sweep of the residence.     








The State acknowledges that the finding of cocaine
during the warrantless search constituted an illegal search.  Johnson acknowledges in his brief that the
cocaine was finally obtained pursuant to a warrant.  Relying on Wong Sun v. United States,
371 U.S. 471 (1963), Johnson argues that the information used to substantiate
the warrant and upon which the warrant was based was obtained unlawfully and is
fruit of the poisonous tree.  We find Wong
Sun to be distinguishable.  In Wong
Sun, the Court held that certain evidence should have been suppressed
because it was obtained as a result of an arrest conducted without a warrant
and without probable cause.  Id. at
479.  It is not a situation where the
evidence introduced at trial was subsequently obtained independently by a valid
arrest warrant based upon probable cause.

The police officers had certain information
available to them prior to the time that they entered the apartment.  That same information was used later to
obtain a warrant to search the property. 
It is important to note that the affidavit for the search warrant that
was presented to the magistrate in this case did not contain any information
which the officers might have obtained when they first entered the
apartment.  The magistrate who issued the
search warrant was limited to assessment of probable cause as stated in the
affidavit.  Elardo v. State, 163
S.W.3d 760 (Tex. App.CTexarkana
2005, pet. ref=d).  Therefore, being so limited, the issuing
judge could not base his finding of probable cause upon anything which occurred
inside of the apartment before the issuance of the warrant.  The search of the apartment was conducted
pursuant to a search warrant, the validity of which has not been challenged by
appellant except for his Afruit
of the poisonous tree@
argument.  Once the State established the
existence of a search warrant, it became appellant=s
burden to come forward with evidence showing that the search was
unreasonable.  Appellant did not meet
that burden. We overrule points one through four.  

The judgment is affirmed. 

 

PER CURIAM

 

August 31, 2006

Do not publish.  See
Tex. R. App. P. 47.2(b).

Panel
consists of:  Wright, C.J., and

McCall,
J., and Hill, J.[1]











[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth sitting by assignment.