

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00375-CR

JEFFREY DON DOOLEY, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1780925, Honorable Steve Jumes, Presiding

August 11, 2025

MEMORANDUM OPINION[1]

Before QUINN, C.J., and DOSS and YARBROUGH, JJ.

Jeffrey Don Dooley appeals his conviction for driving while intoxicated. Through one issue, he contends the trial court abused its discretion in denying his motion to suppress. Allegedly, the initial stop of his vehicle was unjustified. We affirm.

---

[1] Because this matter was transferred from the Second Court of Appeals, we apply its precedent when it conflicts with that of the Seventh Court of Appeals. TEX. R. APP. P. 41.3.

***Background***

In May 2023, a patrol officer with the Sansom Park Police Department attempted to initiate a traffic stop of a 2007 Nissan for an unreadable or obscured paper license tag and because the driver's right turn was too wide. Appellant operated the vehicle at the time. And, though he initially failed to heed the officer's efforts to detain him, appellant eventually did stop.

Appellant challenged the validity of the detention via a motion to suppress, arguing the stop was unsupported by reasonable suspicion. An evidentiary hearing ensued whereat the detaining officer iterated the reasons for stopping appellant. Two were proffered: an obscured paper license tag and a right turn made too wide. The latter reason, however, went unmentioned in the officer's report. Furthermore, and depending on who asked, the officer appeared to vacillate about whether purported obscurity of the plate was the sole reason. At times, he said it was; at times, he said the nature of the turn also factored into his decision.

At the hearing's end, the trial court denied appellant's motion. It found that "the initial detention was appropriate . . . [and] based upon the wide right turn as well as the paper tags." So too did the trial court utter that it was "not going to find on the basis of this testimony as a matter of law that this witness [the testifying officer] is incredible." Rather, it viewed "any credibility concerns" about the officer's testimony as "a trial issue and legitimate for a 38.23 argument at trial." *See* TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (stating that no evidence obtained in violation of Texas or federal law is admissible in the trial of the accused and requiring the jury to be instructed to disregard such evidence if it believes the evidence was so obtained).

*Analysis*

Again, through his sole issue, appellant contends the officer lacked reasonable suspicion to stop him. We overrule the issue.

When reviewing a trial judge's ruling on a motion to suppress, we "must view the evidence in the light most favorable to the trial court's ruling." *Marcopoulos v. State*, 538 S.W.3d 596, 600 (Tex. Crim. App. 2017). Our duty is to also afford "almost total deference" to a trial court's express or implied "determination of historical facts" and review de novo the court's application of the law to those facts. *Id.* That deference includes credibility choices made by the trial court. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007) (stating that, under the standard of review, the reviewing court gives "'almost total deference to a trial court's determination of the historical facts that the record supports especially when the trial court's fact findings are based on an evaluation of credibility and demeanor'" and quoting *Guzman v. State*, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997) (en banc)); *Elardo v. State*, 163 S.W.3d 760, 764 (Tex. App.—Texarkana 2005, pet. ref'd) (describing the standard of review as a bifurcated one requiring us to defer "to the trial court's determination of historical facts that depend on credibility, but reviewing de novo the trial court's application of the law").

Next, one finds written in § 545.101(a) of the Texas Transportation Code that when an operator of a vehicle makes a right turn at an intersection, he "shall make both the approach and the turn as closely as practicable to the right-hand curb or edge of the roadway." TEX. TRANSP. CODE ANN. § 545.101(a). Making too wide of a right turn, or failing to stay as close to the right-hand curb as practicable, provides reasonable suspicion to conduct a traffic stop. *Anchondo v. State*, No. 07-23-00446-CR, 2024 Tex.

3

App. LEXIS 3896, at *3 (Tex. App.—Amarillo June 5, 2024, no pet.) (mem. op., not designated for publication).  While the turn at bar was not in the officer's report, it was visible on the dash cam video.  Furthermore, the officer testified that it factored into his decision to stop appellant.  The trial court apparently believed the officer given its finding that the stop was based on both the purported obscurity of the plate and the nature of the turn.  Simply put, so finding was based on a credibility determination to which we must defer.

There being evidence of the officer's seeing a violation of § 545.101(a) of the Transportation Code, reasonable suspicion existed to stop appellant.  So, whether the obscurity of the tag provided further legitimate basis is a matter we need not address.  The judgment of the trial court is affirmed.


Brian Quinn
Chief Justice


Do not publish.